Argued December 10, affirmed December 23, 1964

# WILLAMETTE VIEW MANOR, INC. v. CAMERON

397 P. 2d 543

*Arden E. Shenker,* Portland, argued the cause for appellant. With him on the briefs were Robert M. Kerr, and Tooze, Powers, Kerr, Tooze & Morrell, Portland.

*E. Nordyke,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Sloan, Goodwin and Lusk, Justices.

PER CURIAM.

On November 7, 1960, the Commissioner of the Department of Employment entered an order holding plaintiff subject to the Department of Employment Law, Chapter 657 Oregon Revised Statutes. Plaintiff claimed exemption as a charity. Plaintiff then filed a petition with the Commissioner asking for a hearing. Following the hearing a decision was entered which affirmed the initial order. Plaintiff then filed this proceeding in the circuit court for Marion county to review the administrative ruling. The court dismissed the proceeding because it had not been timely filed. That is the subject of this appeal.

The pertinent statutes, ORS 657.672 (1) and (3), reads:

"(1) An initial determination of the commissioner that an employing unit is an employer subject to this chapter and that services performed by an individual for remuneration constitute employment within the meaning of this chapter shall become final after 10 days' notice in writing mailed to the last-known address of such employing unit of record with the commissioner unless within said time the employing unit files an application for a hearing with respect thereto. The commissioner may on his own motion order a hearing at any time. The commissioner may at any time enter a new decision with respect to any services occurring either prior to or subsequent to the initial determination and

not previously considered in the initial determination. Such subsequent decision shall become final in a like time and manner and shall be subject to hearing and review as in the case of an initial determination.

"(2) * * * * *

"(3) Judicial review of any such determination shall be permitted only after the party aggrieved has exhausted his administrative remedies and within 20 days after the determination of the commissioner has become final, a petition for judicial review is filed in the circuit court for Marion county, Oregon, or where the employer maintains his principal place of business.

"* * * * *."

Chapter 354, Section 1, Oregon Laws 1963, repealed the above statute and enacted other sections in lieu thereof. This does not affect the instant appeal.

Plaintiff claims that after it received the notice of the decision after the hearing it had the 10 days mentioned in ORS 657.672 (1) to wait before that decision became final and then another 20 days, mentioned in ORS 657.672 (3) in which to file its appeal to the circuit court. The appeal was filed on the 30th day.

■■ It is clear that the ten days mentioned in the first section refers to the effective date of an initial order, not the decision or an order following a hearing. The 20 days provided after the exhaustion of administrative remedies" could only refer to a final order following a hearing. That hearing, and decision, is the last administrative remedy available to an employer.

Judgment affirmed.