Submitted on record and appellant's brief November 12,
reversed December 18, 1968

## WILLAMETTE VIEW MANOR, INC.,
*Respondent, v.* PEET, *Appellant.*

448 P. 2d 546

Robert Y. Thornton, Attorney General, E. Nordyke,
Assistant Attorney General and Chief Counsel for

Department of Employment Commissioner, and Clarence R. Kruger, Assistant Attorney General, Salem, for appellant.

No appearance for respondent.

GOODWIN, J.

The Commissioner of the Department of Employment appeals from a circuit court judgment which set aside a referee's order denying Willamette View Manor, Inc., relief from an assessment of payroll taxes.

Willamette View Manor, Inc., operates a home for the aged. On November 19, 1960, Willamette View petitioned the Department of Employment for a declaration that it was not an employer subject to ORS ch 657, and for other relief consistent with a claim of exemption as a charitable corporation under 657.070. That section provides:

> " 'Employment' does not include service performed in the employ of a corporation, community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

A hearing was held in April, 1961, and on July 28, 1961, the referee entered findings to the effect that Willamette View did not qualify for the exemption. The order was appealed to the circuit court under the then applicable judicial-review provisions of ORS 657.683, but the appeal was dismissed because it was not timely filed. See *Willamette View Manor v. Cameron,* 239 Or 371, 397 P2d 543 (1964).

On March 29, 1966, Willamette View again applied for a declaration that it was exempt from the provisions of Chapter 657 because of its alleged charitable character. On April 7, 1966, the referee assigned to hear the matter dismissed the application on the ground that the matter had already been decided in the order of July 28, 1961.

Upon appeal from the referee's order, the circuit court vacated that order and remanded the application to the Commissioner with instructions to grant a hearing. The Commissioner seeks reversal of the circuit court order on the ground that it was in conflict with ORS 657.683(2). The section provides:

> "If a valid application for hearing is filed within the time provided by ORS 657.679 and 657.681, a referee designated by the commissioner shall review the determination or assessment and if requested by the employing unit shall grant a hearing *unless a hearing has previously been afforded the employing unit on the same grounds as set forth in the application * * *.*" (Emphasis supplied.)

■ The doctrine of *res judicata* was foreign to administrative law in its beginnings, but recent decisions reveal a trend toward finality of decision. See 2 Cooper, State Administrative Law 503 (1965). The Legislative Assembly is, moreover, free to accord to administrative hearings any degree of finality that is consistent with due process. In the matter of employment taxes, the Assembly has seen fit to provide that subsequent hearings need not be granted if renewed or repeated applications for relief are based upon grounds previously considered.

■■ While the petition presented below is in somewhat different form than the original petition ruled upon in 1961, no new matter of substance is presented.

Accordingly, the matter is *res judicata*. Under ORS 657.683(2), unless a petitioner can show either a change in the law or a change in the material facts, the first administrative decision, if not overturned by a timely judicial review, is final.

Since the referee was acting under statutory authority when he denied the hearing on the latest petition, it was error for the circuit court to order a hearing.

Reversed.