Gerald FETHERSTON, Plaintiff,

v.

ASARCO INCORPORATED, a New Jersey corporation, Defendant.

No. CV 85 104 H–CCL.

United States District Court,
D. Montana,
Helena Division.

June 5, 1986.

See also, D.C., 638 F.Supp. 1328.

W. William Leaphart, The Leaphart Law Firm, Helena, Mont., for plaintiff.

Paul D. Miller, Holland & Hart, Billings, Mont., for defendant.

## OPINION

LOVELL, District Judge.

Plaintiff seeks damages for his alleged wrongful termination from employment. On Wednesday, May 28, 1986, a final pretrial conference was held, at which time the Court denied plaintiff's motions *in limine* and for partial summary judgment. This opinion is issued in conjunction with the aforementioned rulings.

## BACKGROUND

In July, 1972, defendant ASARCO, Incorporated (ASARCO) purchased the zinc plant in East Helena, Montana, from the Anaconda Company. Plaintiff, an employee of the Anaconda Company at the time, was hired by ASARCO and continued to work at the East Helena location. By January, 1985, plaintiff held the position of blast-furnace foreman and earned nearly $3,000.00 per month. As a managerial employee, plaintiff was not a member of the union to which hourly employees belong.

On August 15, 1984, plaintiff was married and took his new wife for a drive. Contrary to ASARCO rules, plaintiff drove through the plant area while off duty. An ASARCO union employee, Mr. David Duel, observed plaintiff's car on the premises and reported the violation to plant management. As a result of the incident, plaintiff was suspended four (4) days without pay.

On December 21, 1984, Mr. Duel was in Smith's Bar in East Helena following a Christmas party. Plaintiff was in the bar as well and, having consumed a number of drinks, approached Duel, uttered a comment regarding the wages lost as a result of his earlier suspension, and struck Duel in the face. The "fight" was immediately interrupted.

On January 7, 1985, plaintiff's employment was terminated. Plaintiff thereafter applied for unemployment benefits with the Montana Department of Labor. ASARCO opposed plaintiff's application on the basis that he was fired for violating a known company rule and was therefore ineligible to receive unemployment benefits. On January 28, 1985, the Department of Labor issued a notice of determination, denying plaintiff's application on the ground of disqualification for having violated a known company rule.

Following receipt of the notice of determination, plaintiff met with ASARCO management to discuss the possibility of reinstatement. Management indicated that plaintiff would not be reinstated to employment, but that ASARCO would no longer oppose his application for unemployment benefits.

Plaintiff subsequently filed with the Department of Labor a request for redetermination of his denial of benefits. On February 11, 1985, the Department sent out a notice of redetermination removing the disqualification of the previous order. The notice stated that plaintiff's actions resulting in his discharge did not occur on the employer's property, were not shown to directly affect the employer's business and that therefore, plaintiff was not disqualified from receiving unemployment. The notice further stated that the decision was final unless either party appealed by February 20, 1985. No appeal was taken.

Toward the end of January, 1985, plaintiff made a written request to an ASARCO supervisor asking for a written statement of the reasons for his discharge. No response was ever provided.

## ISSUES

Plaintiff raises two grounds in support of his motion *in limine* and for partial summary judgment:

1. Because ASARCO opposed plaintiff's application for unemployment benefits on the sole ground that the incident in the bar constituted misconduct and failed to appeal the Department's determination, ASARCO is collaterally estopped from raising additional reasons for his discharge and from relitigating the issue of plaintiff's misconduct.

2. Under Section 39-2-801, M.C.A., which requires an employer to furnish to a discharged employee, upon request, a full, succinct and complete statement of the reasons for discharge, ASARCO may not introduce reasons for plaintiff's discharge which were not provided at his request.

## DISCUSSION

*Application of Collateral Estoppel to Administrative Determinations*

■ The principle of collateral estoppel serves to prevent relitigation of a particular issue or determinative fact which was actually or necessarily decided in a prior action, provided the party estopped was a party (or in privity with a party) to the previous action and had a full and fair opportunity to litigate the issue in question. *Johnson v. Mateer*, 625 F.2d 240, 243 n.5 (9th Cir.1980).

Traditionally, collateral estoppel has been applied to foreclose relitigation of issues determined in a previous judicial proceeding. *See, e.g., Aetna Life & Casualty Ins. Co. v. Johnson*, —— Mont. ——, 673 P.2d 1277 (1984). The United States Supreme Court has, however, fashioned a rule whereby a party may be estopped from raising issues previously determined at the agency level.

When an administrative agency is acting in a judicial capacity, and resolves disputed questions of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to enforce repose.

*United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966).

The Ninth Circuit Court of Appeals has applied *Utah Construction* to final decisions of the National Labor Relations Board and, in some cases, has given collateral estoppel effect to those decisions. *Paramount Transport Systems v. Chauffeurs, Etc., Local 150*, 436 F.2d 1064 (9th Cir.1971); *Edna H. Pagel, Inc., v. Teamsters Local Union 595*, 667 F.2d 1275, 1279–80 (9th Cir.1982); *Local Joint Exec. Board of Las Vegas, Etc., v. Royal Center, Inc.*, 754 F.2d 835 (9th Cir.1985).

But we do not construe *Utah Construction* to require that the doctrine of collateral estoppel be applied across the board to all determinations of such issues by administrative agencies.... [W]e conclude that collateral estoppel effect should be given only to those administrative determinations that have been made in a proceeding fully complying with the standards of procedural and substantive due process that attend a valid judgment by a court and further, that such effect should be accorded only to those findings upon material issues that are supported by substantial evidence on the administrative record as a whole.

*Paramount Transport, supra.*, 436 F.2d at 1066. *Paramount Transport* has been interpreted to require satisfaction of three factors to invoke collateral estoppel: (1) the administrative proceedings must comply with judicial standards of substantive and procedural due process; (2) administrative findings must concern issues material to the subsequent litigation; and (3) the agency decision must be supported by substantial evidence on the administrative record as a whole. *Pacific Electric Contractors Assn. v. A.A. Electric*, 583 F.Supp. 472 (D.Haw.1984).

The issue before the Court is whether a determination of entitlement to unemployment benefits by the Montana Department of Labor constitutes a final decision as to the reasons for the claimant's discharge from employment.

In *Lewis v. International Business Machines Corp.*, 393 F.Supp. 305 (D.Or.1974), the court held that collateral estoppel effect would not be given to Employment Division determinations regarding eligibility for unemployment benefits. Cited as determinative factors were the lack of incentive to vigorously litigate at the administrative level and the lack of foreseeability of the finality of the agency's decision. *Id.*, at 308–09. The court noted three facts indicative of plaintiff's lack of incentive to vigorously litigate his appliction for unemployment compensation. First, the claimant was not represented by counsel before the agency; second, he made no appearance at the second part of the two-part hearing process; and finally, he failed to exercise his right to administrative review. *Id.*, at 308. Regarding the claimant's lack of foreseeability, the court noted that the state of the law was such that the parties had no reason to expect that collateral estoppel could be raised in the context of the subsequent civil litigation for damages. *Id.*, at 309.

A contrary result was reached in a wrongful discharge action brought under the Civil Rights Act of 1871 for alleged sex discrimination. *Gear v. City of Des Moines*, 514 F.Supp. 1218 (S.D.Iowa 1981). The court held that a determination of the Iowa Department of Job Service, following hearing and appeal, that the plaintiff had left employment voluntarily and without good cause attributable to the employer, precluded relitigation of that issue. *Lewis, supra.*, was distinguished on the ground that the plaintiff in *Gear* participated in hearings, obtained intra-agency review of a preliminary order, and could reasonably foresee the future ramifications of the final agency action by virtue of the narrow scope of judicial scrutiny afforded administrative decisions rendered in a contested case proceeding under Iowa law. *Gear, supra.*, 514 F.Supp. at 1222.

The court found that each of the facts sought to be estopped was "fully and fairly litigated by the parties in an administrative forum." *Id.*, at 1223. The court in fact found that each and every one of the issues

in the civil case was adjudicated in the agency process. *Id.*

The case *sub judice* is factually similar to *Lewis, supra.* Here, defendant did not oppose plaintiff's application for redetermination, nor is there any evidence that a formal hearing was ever held. Generally, Montana unemployment compensation procedures are very informal, often handled by the mere completion of forms or over the telephone. The full panoply of issues which arises in a wrongful discharge suit is not within the realm of the Department of Labor's consideration of eligibility for unemployment benefits. The statutory scheme for unemployment insurance contemplates a general rule that benefits will be awarded, with only a few specifically designated exceptions or disqualifications. § 39–51–2301, et seq., M.C.A.

The particular disqualification involved in Mr. Fetherston's case was misconduct. The issue of ASARCO's good faith, or lack thereof, in discharging plaintiff, was not involved. Had ASARCO foreseen that its failure to oppose plaintiff's application for redetermination would somehow serve to foreclose its opportunity to defend a wrongful termination action, it surely would not have chosen a passive course of action in the administrative proceedings.

The doctrine of collateral estoppel cannot apply to bar litigation where the agency finding is not a "necessary determination of an issue" nor "essential to the judgment." *Glaziers & Glassworkers Local Union 767 v. Custom Auto Glass Distributors*, 689 F.2d 1339 (9th Cir.1982). In this case, the administrative determination was merely to allow plaintiff to collect unemployment benefits from the State of Montana. No decision was rendered, nor evidence presented, regarding the existence or breach of the implied covenant of good faith and fair dealing, and ASARCO was not defending any such charges on an attempt to avoid paying damages out of its own pocket.

In view of the foregoing factors, the three elements of the *Paramount Trans-*

*port* test are not satisfied and thus collateral estoppel principles cannot be invoked. First, the administrative proceedings involved in this case did not comply with the standards of procedural and substantive due process that attend a judicial proceeding, nor is this Court willing to impose such a requirement on an informal proceeding before a state agency deluged with unemployment requests. Second, the Department of Labor made no findings of fact pertaining to material issues before the Court, and no such findings were necessary for its ultimate determination of plaintiff's application. Based upon these factors, the Court is of the opinion that collateral estoppel is inapplicable.

*Application of Montana Labor Statutes to Preclude Defenses to Litigation*

Section 39–2–801, M.C.A., provides:

It is the duty of any person after having discharged any employee from his service, upon demand by such discharged employee, to furnish him in writing a full, succinct, and complete statement of the reason of his discharge and if such person refuses so to do within a reasonable time after such demand, it is unlawful thereafter for such person to furnish any statement of the reason of such discharge to any person or in any way to blacklist or to prevent such discharged person from procuring employment elsewhere, subject to the penalties and damages prescribed in this part.

It is clear from the language of this statute, and from the purpose of the chapter in which it was placed, that the provision was intended to serve as a shield rather than as a sword. Its purpose is to protect a discharged employee from discriminatory practices by the employer, from blacklisting, and from allowing the employer to prevent the discharged employee from obtaining future employment. The essence of Section 39–2–801 is to prevent the employer from hampering the individual's future employment possibilities by providing false reasons for termination. It is clearly not intended to prevent an employer accused of bad faith in a wrongful discharge action from raising incidents of the employee's work history in defense of its actions.

By this ruling, the Court does not hold that an employer in breach of its statutory duty may be exempt from civil damages if it thereafter injures the former employee in violation of the statute. The Court also does not encourage employers to violate the law. That is not, however, the issue in this case; plaintiff claims no damage arising from his failure to obtain subsequent employment as the result of defendant's statements of false justifications to any prospective employer.

Plaintiff has, by initiating the instant litigation, placed his employment relationship with defendant at issue, and defendant must be allowed to present its defense.

The foregoing opinion stands as the basis for denial of plaintiff's motion for partial summary judgment and motion *in limine.*