No. 87-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

LARRY E. NASI,

        Plaintiff and Appellant,

-vs-

STATE DEPARTMENT OF HIGHWAYS,
a Department of the State of Montana,

        Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,
              In and for the County of Lewis and Clark,
              The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William F. Hooks and Patrick F. Hooks; Hooks & Budewitz,
        Townsend, Montana

    For Respondent:

        John Bobinski, Department of Administration, Helena,
        Montana

Submitted on Briefs:  March 11, 1988

Decided:    April 21, 1988

Filed: APR 2 1 1988

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff Nasi appeals the June 12, 1987, order of the First Judicial District Court, Lewis and Clark County, granting State Department of Highways' motion for summary judgment. We affirm.

The sole issue on appeal is whether the District Court erred in applying res judicata to Nasi's wrongful discharge action.

Nasi began working for the Department of Highways (Department) at its Townsend maintenance shop on February 5, 1979. On June 18, 1982, his employment ended. Nasi claims he was fired. The Department claims he voluntarily quit.

On March 12, 1984, Nasi filed a grievance with the Board of Personnel Appeals (BPA). On April 17, 1984, the BPA preliminary hearing examiner decided that Nasi had "quit and/or walked off the job." The following day, Nasi filed his rejection of the preliminary decision.

On April 23, 1984, Nasi filed a separate tort action in District Court, alleging wrongful discharge and bad faith. The Department filed motions to dismiss on several grounds including (1) BPA had exclusive jurisdiction, (2) Nasi failed to exhaust his administrative remedies, and (3) the tort action was barred by res judicata. On July 5, 1984, the District Court ordered that all further tort proceedings would be stayed until the BPA made a final determination on the grievance.

On October 11, 1984, the BPA formal hearing examiner found that Nasi had "voluntarily terminated his employment with the Department of Highways." The examiner concluded that Nasi had not been aggrieved by the Department. On February 5, 1985, the BPA adopted the examiner's recommended order as the final order.

On March 5, 1985, Nasi filed a petition for judicial review of the BPA final order. On August 15, 1986, the District Court affirmed the BPA final order. Nasi did not appeal the judicial review.

On August 29, 1986, the District Court lifted its stay on the tort action. On October 27, 1986, the Department filed a motion for summary judgment, or in the alternative, a motion to dismiss the tort action. On June 12, 1987, the District Court granted the Department's motion for summary judgment on the grounds that the matter was res judicata. The court stated: "BPA specifically found that Nasi quit. Such a determination is dispositive in the court case. It forecloses Plaintiff's wrongful discharge and bad faith causes of action and any additional issues associated therewith." Nasi appeals the summary judgment.

## Res Judicata

Nasi contends that the BPA did not act in a judicial capacity in its grievance decision and res judicata is therefore inapplicable. Nasi also asserts that the issues, remedies and subject matter of his tort action differ from those of his BPA grievance.

In analyzing this case, we note that Title 2, Chapter 4, Montana Code Annotated, establishes the Montana Administrative Procedure Act (MAPA). Section 2-4-102(2)(a), MCA, defines agency as any agency defined in § 2-3-102(1), MCA, which provides: "'Agency' means any board . . . of the state . . . authorized by law to . . . determine contested cases . . . " Section 2-15-1705, MCA, creates a Board of Personnel Appeals and subsection (6) provides: "The board is designated a quasi-judicial board for purposes of 2-15-124."

Title 2, Chapter 4, Part 6, sets forth the statutory provisions relating to contested cases. Section

2-18-1001(1), MCA, grants the BPA the jurisdiction to conduct hearings and resolve grievances of employees of the Department of Highways. Title 2, Chapter 4, Part 7, provides for judicial review of contested cases by the District Court with a right of review of a final judgment of the District Court by the Supreme Court.

As we have noted, Nasi had a contested case hearing before the BPA. From its adverse decision, he sought and received judicial review by the District Court. The District Court affirmed the decision of the Board, but Nasi did not assert his right of appeal.

The District Court decision rested on the doctrine of res judicata. The doctrine reflects a policy of judicial finality:

> The basic proposition embraced by the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate. This policy reflects the notion that a lawsuit should not only bring justice to the aggrieved parties but provide a final resolution of the controversy.

Brault v. Smith (Mont. 1984), 679 P.2d 236, 238, 41 St.Rep. 527, 529.

Res judicata applies when administrative proceedings possess a judicial character:

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.

United States v. Utah Construction and Mining Co. (1966), 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed. 642, 661.

4

The application of res judicata rests on the following four criteria: (1) the parties must be the same; (2) the subject matter must be the same; (3) the issues must be the same, and (4) the relationship among the parties, the subject matter and the issues must be the same. Brault, 679 P.2d at 239, 41 St.Rep. at 530, citing Fox v. 7L Bar Ranch Co. (1982), 198 Mont. 201, 645 P.2d 929.

In comparing Nasi's tort action and his BPA grievance, we note an identity of the parties, the subject matter and the relationship. Both the tort action and the grievance flowed from the same set of facts. The pivotal issue was identical: Did Nasi voluntarily quit or was he fired?

At each level of the administrative process, Nasi had an adequate opportunity to litigate his claim. Nasi fully utilized the procedural safeguards of MAPA, including notice, right to counsel, evidence, cross-examination and judicial review. At each level, the decision was the same: Nasi voluntarily quit.

Nasi failed to appeal the judicial review. Instead, he asked the District Court to reach an opposite decision with an encore of the identical issue. We will not allow Nasi to relitigate his grievance in a tort action raising the same issue previously litigated.

We hold that the BPA acted in a judicial capacity and provided Nasi with a full contested case hearing which was subsequently judicially reviewed. We further hold the District Court correctly applied res judicata to Nasi's tort action.

> To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by

> minimizing the possibility of inconsistent decisions.

Montana v. United States (1979), 440 U.S. 147, 153-154, 99 S.Ct. 970, 973-974, 59 L.Ed.2d 210, 217. The four res judicata criteria of Brault have been satisfied. Where the moving party is entitled to summary judgment as a matter of law, we will uphold the District Court. Schaffer v. Champion Homes Builders (Mont. 1987), 747 P.2d 872, 874, 44 St.Rep. 2196, 2198.

Affirmed.

J. A. Turnage

Chief Justice

We concur:

John Conway Harrison

John C. Sheehy

William E. Hunt Sr.

R.C. McDonough

Justices

6