No. 89-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

FRANK K. NILES,

        Plaintiff and Appellant,

  -vs-

CARL WEISSMAN & SONS, INC.,
a Montana Corp.,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. David Penwell, Bozeman, Montana

    For Respondent:

        Jack L. Lewis, Great Falls, Montana

Submitted on Briefs:  Dec. 1, 1989

Decided:    February 6, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

In this case, we determine that a final decision from an administrative agency that an employee is not entitled to unemployment compensation is not res judicata as to the employee's separate action in District Court for wrongful discharge and breach of the covenant of good faith and fair dealing. In so holding, we distinguish Nasi v. State Department of Highways (Mont. 1988), 753 P.2d 327.

Frank K. Niles appeals from a summary judgment in District Court, Eighteenth Judicial District, Gallatin County, dismissing Niles' complaint against Carl Weissman & Sons, Inc. for alleged wrongful discharge and breach of the covenant of good faith and fair dealing. We reverse.

On May 11, 1987, Niles, a truck driver employed by Weissman, was ordered to haul a two-axle flatbed trailer from Livingston to Bozeman.

Weissman's employees had previously loaded a railroad locomotive motor or engine on the trailer, weighing approximately 38 tons. In the opinion of Niles, the flatbed truck was loaded far beyond its capacity, and in fact, the trailer had been damaged by Weissman when the load was placed on the trailer. Niles hauled the load as far as the truck stop on the west edge of Livingston and refused to drive the load any farther, believing that to do so would endanger not only his life, but the lives of others in hauling the trailer over the Bozeman Pass to Weissman's yard in

2

Bozeman.

Niles contended in District Court that his supervisor told him that he was to haul the load and specifically told him if he refused he would be terminated from his position. The supervisor denies in District Court that "he specifically told" Niles that if he refused to haul an unsafe load he would be fired. In any event, Niles refused to haul the load and returned to Bozeman in the tractor driven by another employee of Weissman.

It also appears that another employee of Weissman, Sam Dickenson, determined that the load was unsafe. The load was transferred to another larger trailer which was later transported to its original destination in Bozeman.

The District Court found as unrefuted that plaintiff filed a claim for unemployment benefits after ending his employment with defendant. A Department of Labor deputy denied Niles benefits on the grounds he had "voluntarily left" his employment and that the separation was not attributable to Weissman. Niles appealed the deputy's decision to an appeals referee who affirmed the denial of the claim. Plaintiff next appealed to the Board of Labor Appeals, which reversed the decision of the Appeals Referee and held that plaintiff was entitled to unemployment benefits. Weissman appealed the BLA reversal to the District Court and upon stipulation of the parties, the District Court ordered the cause remanded to the BLA for further consideration. On remand, the BLA reversed its earlier decision and denied plaintiff's claim for benefits. Niles then appealed to the District Court but failed to brief his petition,

and the District Court affirmed the BLA's decision to deny Niles' claim.

On October 14, 1987, during the course of the administrative procedure, Niles filed his complaint in District Court alleging wrongful termination. This action moved along a track parallel to the administrative proceedings.

Subsequently, in the wrongful termination action, Weissman filed a motion for summary judgment. Weissman based its summary judgment motion upon the Department and District Court's determination that Niles voluntarily quit his employment and upon the contention that this determination was res judicata as to Niles' claim for wrongful termination. On April 11, 1989, the District Court granted Weissman's motion for summary judgment holding that the BLA acted in a judicial capacity and provided plaintiff with a fully contested case hearing which was judicially reviewed, and therefore res judicata applied. It is from this order of summary judgment that Niles appeals.

The District Court fully realized the far-reaching effect of its summary judgment. It stated:

> This Court realizes this holding leaves plaintiff and other potential claimants on the horns of a dilemma: If they fully pursue their administrative remedy for unemployment benefits, they may forego the remedy in the courts; if they choose to go through the courts system, they may be barred by failure to exhaust their administrative remedies. The court is hesitant to relinquish the determination of what constitutes "wrongful termination" at common law to an administrative agency when that determination does not require any "expert and specialized knowledge." See generally Nader v. Allegheny Airlines (1976), 426 U.S. 290, 48 L.E.2d 643, 96 S.Ct. 1978. However, this point awaits clarification by the Montana Supreme Court.

4

The fulcrum on which the District Court relied in determining res judicata was that the administrative proceedings involved a fully contested case hearing which complied with the standards of procedural and substantive due process that attends judicial proceedings, where the parties have full opportunity to litigate the issues. The District Court pointed out that at each administrative level, Niles had counsel present, submitted evidence in his own behalf, was permitted cross examination and was allowed to argue the law of the case. In the administrative process, Niles lost at each stage of the administrative proceedings, except for the single decision of the BLA, which the BLA subsequently reversed.

There is indeed a dilemma here, as the District Court indicated, affecting not only Niles, but every employee in this State who may be similarly situated. There are two Montana cases which bear directly on the problem which facially are inconsistent, but which, on analysis, can be reconciled. They are Nasi v. State Department of Highways, above cited, a decision from this Court, and Fetherston v. ASARCO, Inc. (D. Mont. 1986), 635 F.Supp. 1443, a federal district court case.

First let us understand res judicata as it is applied in Montana. There are four criteria: (1) the parties must be the same; (2) the subject matter must be the same; (3) the issues must be the same; (4) the relationship among the parties, the subject matter and the issues must be the same. Brault v. Smith (1984), 209 Mont. 21, 26, 679 P.2d 236, 239; Fox v. 7L Bar Ranch

5

Company (1982), 198 Mont. 201, 645 P.2d 929.

In *Nasi*, this Court had before it an appeal from a summary judgment granted in District Court on grounds of res judicata as to Nasi's wrongful discharge action. Nasi claimed he was fired. The Highway Department claimed he voluntarily quit.

The facts in *Nasi* roughly parallel the facts in Niles' case. Nasi filed a grievance with the Board of Personnel Appeals. The BPA preliminary hearing examiner decided that Nasi had quit or walked off the job. Nasi rejected the preliminary decision. Five days thereafter, Nasi filed a separate tort action in District Court alleging wrongful discharge and bad faith. The Highway Department filed motion to dismiss on several grounds, including res judicata. The District Court stayed further proceedings until the BPA made a final determination on the grievance. On October 11, 1984, the BPA formal hearing examiner held that Nasi had voluntarily terminated his employment. On February 5, 1985, the BPA adopted the examiner's recommended order as the final order, in effect concluding that Nasi had not been aggrieved by the Department. On March 5, 1985, Nasi filed a petition for judicial review of the BPA order. On August 15, 1986, the District Court affirmed the BPA final order. Nasi did not appeal the judicial review.

In the meantime, in the tort action, the District Court lifted its stay. The Highway Department filed a motion for summary judgment which was granted by the District Court against Nasi on grounds that the matter was res judicata. The District Court

relied on the BPA finding that Nasi had quit which the District Court determined to be dispositive in the District Court case.

The other side of the coin is found in <u>Fetherston.</u> Fetherston was a managerial employee of ASARCO, and thus not subject to the union contract. Against ASARCO's rules, Fetherston drove his new wife through the plant area while off duty. Another ASARCO employee observed the violation and reported it to the plant management. Fetherston was suspended four days without pay. Later, following a Christmas party, Fetherston was in a bar in East Helena where he observed the employee who had reported him. Fetherston struck him in the face. Thirty-eight days later, plaintiff was terminated by ASARCO. He applied for unemployment benefits through the Montana Department of Labor. ASARCO opposed his application on the grounds that he had been fired for violating a known company rule. The Department of Labor determined that Fetherston was not entitled to benefits because of his violation of the rule.

After the Department of Labor had acted, Fetherston met with the ASARCO management about possible reinstatement. The management indicated that he would not be reinstated but that ASARCO would no longer oppose his application for unemployment benefits. Fetherston returned to the Department of Labor to redetermine its denial of his benefits. The Department reversed itself stating that Fetherston's actions which resulted in his discharge did not occur on the employer's property, did not directly affect the employer's business and so Fetherston was not disqualified from

receiving unemployment insurance. ASARCO did not appeal from the administrative determination, and it became final.

Fetherston brought action in the federal district court for his alleged wrongful termination from employment. At the pre-trial conference before the federal district court, Fetherston moved in limine, among other motions, for partial summary judgment on the grounds that ASARCO had failed to appeal the Department of Labor's determination and so ASARCO was collaterally estopped from raising additional reasons for his discharge and from relitigating the issue of plaintiff's misconduct.

The federal district court determined that collateral estoppel is applicable to foreclose relitigation of issues not only in a judicial proceedings, (citing Aetna Life and Casualty Insurance Company v. Johnson (1984), 207 Mont. 409, 673 P.2d 1277), but also issues previously determined at an agency level (citing Paramount Transport Systems v. Chauffeurs, etc. Local 150 (9th Cir. 1971), 436 F.2d 1064.) The federal district court determined that the factors invoking collateral estoppel are: (1) the administrative proceedings must comply with judicial standards of substantive and procedural due process; (2) administrative findings must concern issues material to the subsequent litigation; and (3) the agency decision must be supported by substantial evidence on the administrative record as a whole.

Thus in Fetherston, we have the situation where the employee, having successfully shown his right to unemployment benefits at the agency level, contended that the employer was collaterally

8

barred from relitigating the same issues. The federal district court, however, determined that the issues were not the same. It said:

> . . . Here, defendant did not oppose plaintiff's application for redetermination, nor is there any evidence that a formal hearing was ever held. Generally, Montana unemployment compensation procedures are very informal, often handled by the mere completion of forms or over the telephone. The full panoply of issues which arises in a wrongful discharge suit is not within the realm of the Department of Labor's consideration of eligibility for unemployment benefits. The statutory scheme for unemployment insurance contemplates a general rule that benefits will be awarded, with only a few specifically designated exceptions or disqualifications. Section 39-51-2301, et seq. MCA.
>
> The particular disqualification involved in Mr. Fetherston's case was misconduct. The issue of ASARCO's good faith, or lack thereof, in discharging plaintiff, was not involved. Had ASARCO foreseen that its failure to oppose plaintiff's application for redetermination would somehow serve to foreclose its opportunity to defend the wrongful termination action, it surely would not have chosen a passive course of action in the administrative proceedings.
>
> The doctrine of collateral estoppel cannot apply to bar litigation where the agency's finding is not a "necessary determination of an issue" nor "essential to the judgment" (citing a case). In this case, the administrative termination was merely to allow plaintiff to collect unemployment benefits from the State of Montana. No decision was rendered, nor evidence presented, regarding existence or breach of the implied covenant of good faith and fair dealing, and ASARCO was not defending any such charges on an attempt to avoid paying damages out of its own pocket.
>
> In view of the foregoing factors, the three elements of the Paramount Transport test are

9

> not satisfied and thus collateral estoppel principles cannot be invoked. First, the administrative proceedings involved in this case do not comply with the standards of procedural and substantiative due process that attend a judicial proceeding, nor is this Court willing to impose such a requirement on a formal proceeding before a state agency deluged with unemployment requests. Second, the Department of Labor made no findings of fact pertaining to material issues before the Court, and no such findings were necessary for its ultimate determination of plaintiff's application. Based upon these factors, the Court is of the opinion that collateral estoppel is inapplicable.

635 F.2d at 1446, 1447.

Now, let us look again at Nasi, and the holding of this Court that the agency determination barred Nasi's claim for wrongful discharge. The compelling difference between Nasi and Fetherston is that in Nasi, a specific statute granted the Board of Personnel Appeals jurisdiction to determine Highway Department personnel grievances based upon work conditions, supervision, or the result of an administrative action. Section 2-18-1001, MCA. The BPA, by statute, had full jurisdiction to determine all the issues relating to the termination of Nasi.

In the case of Niles, however, the legal situation is the same as in Fetherston. The jurisdiction of the Department of Labor is confined to "claims filed for benefits," § 39-51-2406, MCA. The employee Niles is in the same position as the employer ASARCO in Fetherston. The issue of Weissman's good faith, or possible lack thereof, was not and could not be determined by the Department of Labor in disqualifying Niles for unemployment insurance benefits.

10

When it is considered, therefore, from the viewpoint of res judicata, or from collateral estoppel, Niles' action for wrongful discharge and breach of the covenant of good faith and fair dealing is not barred because of the agency determination. The issues determined before the agency, and to be determined before the District Court are not the same.

We leave aside without discussion whether the administrative proceedings in this case complied with judicial standards of substantive and procedural due process. It appears from the record that there were telephonic hearings which may not have afforded Niles the full right of cross-examination. It is unnecessary for us to determine this issue, however, because we hold otherwise in this case that neither res judicata nor collateral estoppel applies since the legal issues decided by the agency are not the same as the legal issues facing the District Court in Niles' case.

Under Rule 56, M.R.Civ.P., a summary judgment may not be granted unless there is no genuine issue of material fact remaining. Bills v. Hannah, Inc. (Mont. 1988), 749 P.2d 1076. Because there are further issues of fact to be determined in District Court, we reverse the summary judgment.

John G. Sheehy
Justice

10

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

11