No. 89-563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DOUG MAJERUS,

    Plaintiff and Appellant,

v.

SKAGGS ALPHA BETA, INC., a Delaware
corporation; WAYNE JACOBSON; JUDY
FUGLESTAD and DWIGHT KROHMER,

    Defendants and Respondents.

'90 SEP 11 PM 3 06
ED SMITH, CLERK
MONTANA SUPREME COURT
FILED

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. L. McChesney, McChesney, Grenfell & Ogg,
Missoula, Montana

        Michael G. Majerus, Billings, Montana

    For Respondent:

        J. David Slovak, Ugrin, Alexander, Zadick & Slovak,
P.C., Great Falls, Montana

Submitted on Briefs:  July 13, 1990

Decided:  September 11, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Doug Majerus appeals the summary judgment of the Fourth Judicial District Court, Missoula County, which dismissed his action against Skaggs Alpha Beta, Inc. (Skaggs), Wayne Jacobson, Judy Fuglestad, and Dwight Krohmer, for wrongful discharge, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and negligence. The court granted summary judgment: 1) based on the doctrine of res judicata, 2) because Majerus failed to establish, as a matter of law, a breach of the implied covenant of good faith and fair dealing, and 3) because no genuine issue of material fact existed. We affirm.

Majerus raises the following issues:

1. Did the District Court err in granting summary judgment based on the doctrine of res judicata?

2. Did the District Court err in granting summary judgment on the basis that Majerus failed to establish, as a matter of law, a breach of the implied covenant of good faith and fair dealing?

3. Did the District Court err in granting summary judgment on the basis that no genuine issue of material fact existed?

On August 15, 1986, Doug Majerus was discharged from his position as manager of the Buttrey Food Store located in Tremper Shopping Center in Missoula, Montana, following fifteen years of employment by Buttrey Food, Inc. (Buttrey) and its 1984 successor, Skaggs Alpha Beta, Inc. (Skaggs). Skaggs discharged Majerus

because he violated company policy when he took $350.00 from a checkstand till on June 21, 1986, and on the following day, used these company funds for his personal use on a gambling vacation in Jackpot, Nevada. Majerus returned these funds some sixteen days later.

Following his discharge, Majerus applied for unemployment benefits through the Montana Department of Labor & Industry. On October 1, 1986, by a deputy's determination, Majerus was found to be eligible for unemployment benefits. Skaggs, however, appealed the deputy's determination asserting that Majerus was not entitled to unemployment benefits because he was properly discharged from his employment for misuse of company funds.

A hearing was held before the Montana Department of Labor & Industry on October 29, 1986--both parties attended and were represented by counsel. On October 31, 1986, the appeals referee held that Majerus was properly discharged from his employment for work-related misconduct, and thereby not entitled to unemployment benefits under § 39-51-2303, MCA.

Majerus appealed this decision to the Montana Department of Labor & Industry Board of Labor Appeals (BLA). The BLA affirmed the decision, after determining that no substantial evidence existed to modify or reverse the prior findings and decision of the appeals referee. The BLA's decision stated that Majerus had the right to further appeal to district court.

Majerus, however, did not pursue a further appeal regarding his ineligible status to unemployment benefits. Instead, on December 9, 1989, Majerus filed a district court action against Skaggs, and three Skaggs' employees, Wayne Jacobson, Judy Fuglestad, and Dwight Krohmer, for wrongful discharge, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and negligence.

Prior to the filing of the district court action, Majerus, in a November 2, 1987, deposition, conceded that he acted improperly when he took the company funds. He also conceded that no company policy allowed or authorized the removal of company funds for personal use. Additionally, affidavits of Skaggs' employees Ben Flaig and Dwight Krohmer dated June 13, 1989, established that it was the company policy of Skaggs, as well as Buttrey, that employees could not, under any circumstances, take, borrow, or use company funds, regardless of any intent to repay the funds. The affidavits further stated that this policy was well known by Skaggs' employees, including Majerus, and that it was common knowledge to the employees that a violator of this policy would be subject to discharge from employment. Majerus never refuted these affidavits.

On June 16, 1989, the defendants moved the District Court for summary judgment. The District Court granted summary judgment on August 30, 1989: 1) based on the doctrine of res judicata, 2) because Majerus failed to establish, as a matter of law, a breach

4

of the implied covenant of good faith and fair dealing, and 3) because no material issue of fact existed. From this decision, Majerus appeals.

1. Did the District Court err in granting summary judgment based on the doctrine of res judicata?

The District Court granted summary judgment on three independent grounds, one of them being the doctrine of res judicata:

> The basic proposition embraced by the doctrine of res judicata has always remained the same: a party should not be able to relitigate a matter he or she has already had an opportunity to litigate. This policy reflects the notion that a lawsuit should not only bring justice to the aggrieved parties but provide a final resolution of the controversy.

Brault v. Smith (1984), 209 Mont. 21, 25, 679 P.2d 236, 238. In determining whether res judicata applied, the District Court relied upon Nasi v. State Dep't of Highways (1988), 231 Mont. 395, 753 P.2d 327, for the proposition that an employee, who unsuccessfully pursues a grievance at an administrative proceeding, is then precluded from pursuing a wrongful discharge action when: (1) the parties are the same; (2) the subject matter is the same; (3) the issues are the same; and (4) the relationship between the parties, the subject matter, and the issues is the same. Nasi, 753 P.2d at 329 (citations omitted). The District Court found that the present facts satisfied the Nasi criteria and thereby held that res judicata applied.

5

This Court, however, recently distinguished Nasi in Niles v. Weissman & Sons, Inc., (Mont. 1990), 786 P.2d 662, 47 St.Rep. 240:

> we determine that a final decision from an administrative agency that an employee is not entitled to unemployment compensation is not res judicata as to the employee's separate action in District Court for wrongful discharge and breach of the covenant of good faith and fair dealing.

Niles, 786 P.2d at 663. Because the present facts are on point with Niles, we hold that Niles, and not Nasi, is controlling to this case. Therefore, the District Court erred when it granted summary judgment based on the doctrine of res judicata. However, this does not necessarily mean that summary judgment was improper in this case--the District Court granted summary judgment based on two other grounds as well. A discussion of these two grounds follows.


2. Did the District Court err in granting summary judgment on the basis that Majerus failed to establish, as a matter of law, a breach of the implied covenant of good faith and fair dealing?

This Court established the implied covenant of good faith and fair dealing in employment relationships in Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063. See Schramm, Montana Employment Law and the 1987 Wrongful Discharge From Employment Act: A New Order Begins, 51 Mont. L. Rev. 94 (1990). However, even when the implied covenant of good faith and fair dealing applies to an employment relationship, an employer may

6

still terminate an employee without breaching the covenant if the employer has a "fair and honest reason" for the termination. Flanigan v. Prudential Federal Savings & Loan (1986), 221 Mont. 419, 428, 720 P.2d 257, 262.

Here, the defendants did not breach the implied covenant of good faith and fair dealing because they had a fair and honest reason to terminate Majerus--Majerus violated company policy when he admittedly took company funds and used them for his personal use of financing a gambling trip to Jackpot, Nevada. Moreover, the affidavits of Ben Flaig and Dwight Krohmer established that Skaggs' employees, including Majerus, knew that it was against company policy to take company funds and use them for personal use, and a violator of this policy would be subject to discharge from employment. Therefore, Majerus had no basis for a claim of breach of the covenant of good faith and fair dealing and we uphold the District Court's summary judgment based on the finding that Majerus failed to establish a breach of the implied covenant of good faith and fair dealing.

Majerus, however, argues that even though it was wrong to take the company funds and use them for his personal use, his infraction did not justify the harsh result of discharge from employment in light of his fifteen years of service to Buttrey and its successor, Skaggs, and his reasonable expectation of employment security. Majerus' argument is without merit. We agree with the District Court when it found that Majerus' infraction was "more than a

simple transgression." The seriousness of his infraction coupled with the unrefuted affidavits of Ben Flaig and Dwight Krohmer establish that discharge from employment is justified when an employee takes company funds and converts them for personal use.

Majerus further argues that the issue of whether the implied covenant of good faith and fair dealing has been breached is a jury determination, thereby summary judgment is inappropriate. This argument lacks merit because, as previously discussed, the record reflects that Majerus had no basis for a claim based on a breach of the implied covenant of good faith and fair dealing.

3. Did the District Court err in granting summary judgment on the basis that no genuine issue of material fact existed, and therefore, the defendants were entitled to judgment as a matter of law?

Rule 56(c) of the Montana Rules of Civil Procedure provides, in part:

> The judgment sought shall be rendered forth-with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Here, no genuine issue of material fact exists, because the record reflects an admitted and serious breach of store policy arising from the misuse of employer's funds. Majerus admittedly took $350.00 from a Skaggs' checkstand till and used these funds on a

8

gambling vacation to Jackpot, Nevada. The affidavits of Ben Flaig and Dwight Krohmer establish that it was against store policy to take company funds and use them for personal use. Additionally, the affidavits establish that this policy was well-known to Skaggs' employees, including Majerus, and the employees further knew that a violator of the policy would be subject to discharge from employment. Majerus never refuted these affidavits, and furthermore, admitted that there was no company policy that allowed for his misconduct. Based on these uncontroverted facts, we affirm the District Court's summary judgment on the basis that no genuine issue of material fact existed, and the defendants were entitled to judgment as a matter of law.

Affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

9