JUSTICE NELSON
dissents as follows:
I respectfully dissent. Remanding this case to the BOLA for review of a recording or transcript of a hearing that was deficient in the first instance and for reconsideration of the appeal referee’s findings in light of such a record will not, in my view, solve the problem.
All of the evidence in this case was introduced at a hearing conducted via a telephone conference call with the appeals referee situated in Helena, with Bean and her witnesses situated in her counsel’s office in Missoula and with the Employer and its witnesses situated in its business premises in Missoula. Moreover, the entirety of the critical evidence against Bean on the issue of her “willful misconduct” consisted of hearsay reports from persons who were not present at the hearing and who were not, therefore, subject to confrontation and cross-examination. Under such circumstances, any decision of the appeal referee and any decision of the BOLA based on *261 that record and the referee’s findings, was, is and will be inherently flawed from the outset.
From statements made during the oral argument of this case, it appears that the Department of Labor is unique among State agencies in routinely holding contested hearings via telephone. Moreover, it also appears that requesting an in-person hearing will not, necessarily, guarantee that result nor will it guarantee that the employer and its witnesses will be at the hearing, even if one is allowed. In Niles v. Carl Weissman & Sons, Inc. (1990) 241 Mont. 230, 786 P.2d 662, without deciding the issue, we expressed concern that Department of Labor telephonic hearings may not afford the claimant the full right of cross-examination and may not comply with judicial standards of substantive and procedural due process. Niles, 786 P.2d at 666-67.
More recently, in Bonamarte v. Bonamarte (1994), 263 Mont. 170, 866 P.2d 1132, we reversed the district court in a marital dissolution case because one party was allowed to testify by telephone over the objection of the other party. Bonamarte, 866 P.2d at 1137. While that case did not involve an administrative proceeding, nevertheless, we stated that,
[requiring a witness to testify personally at trial serves a number of important policies and purposes. Awitness’personal appearance in court:
1. assists the trier of fact in evaluating the witness’ credibility by allowing his or her demeanor to be observed firsthand;
2. helps establish the identity of the witness;
3. impresses upon the witness, the seriousness of the occasion;
4. assures that the witness is not being coached or influenced during testimony;
5. assures that the witness is not referring to documents improperly; and
6. in cases where required, provides for the right of confrontation of witnesses.
Bonamarte, 866 P.2d at 1134.
I conclude that those reasons are no less valid, important and necessary to assure the integrity and fairness of contested proceedings before an administrative agency where, as here, the litigant’s entitlement to state benefits hangs in the balance as a direct consequence of the hearings process.
*262 Moreover, and to make matters worse, here, the crucial evidence against Bean on the issue of willful misconduct was in the form of hearsay reports and testimony that would not have been admissible under the Rules of Evidence nor should even have been admissible under a fair reading of the Department’s own administrative rule, which allows consideration of evidence upon “which responsible persons are accustomed to rely in the conduct of serious affairs.” Rule 24.7.312(1), ARM. Since this Court does not reach this issue, little will be gained here in detailing the offending “evidence” or by engaging in an extended discussion of the law regarding the use of hearsay in administrative proceedings. Presumably that issue remains open for future resolution. Suffice it to say that the record here does not contain sufficient admissible, non-hearsay evidence upon which the appeal referee could base a finding of willful misconduct.
That a claimant of unemployment compensation benefits is entitled to substantive and procedural due process is not, in my view, open to dispute. See, Goldberg v. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; and California Department of Human Resources Development v. Java (1971), 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666.1 am at a loss to understand how a claimant has been afforded even minimal due process where she has been denied her right of confrontation and cross-examination by being required to litigate her case over a telephone, without crucial adverse witnesses being required to testify and where the factfinder’s ultimate decision is based on rank, inadmissible hearsay.
If you put a teaspoon of sludge in a barrel of wine, you get sludge. If you put a teaspoon of wine in a barrel of sludge, you get sludge. Putting this case back in the barrel will not change, much less improve, the contents. I dissent.
JUSTICES TRIEWEILER and HUNT join in the foregoing dissent.