CHIEF JUSTICE MCGRATH,
specially concurring.
¶28 I concur in the result reached by the majority but not all that is said in the majority Opinion.
¶29 In ¶ 23, the majority disposes of MPEA’s contention that Petaja’s claims were barred by claim preclusion or res judicata by concluding that her attorney Carter Picotte did not properly raise the issue in District Court. The majority also implies the claim preclusion was never raised below and was therefore waived.
¶30 The record shows that MPEA specifically raised claim preclusion in its answer to the Second Amended Complaint and again in the Pretrial Order. Therefore, there was no waiver of the defense based upon a failure to plead as required by M. R. Civ. P. 8(c). However, it is clear that after raising the defense, trial counsel never brought it to the District Court for a decision. The defense was therefore waived not by a failure to plead, but by a failure to subsequently pursue it in the litigation.
¶31 In any event, the res judicata defense rested upon the proposition that Petaja’s claims were adjudicated against her in the Board of Personnel Appeals. The only action taken by the BOPA on Petaja’s grievance was to assign an investigator who wrote a report concluding that Petaja’s claims lacked merit. There was no adjudication, quasi-judicial or otherwise, sufficient to support res judicata. Nasi v. Dep’t of Highways, 231 Mont. 395, 397-98, 753 P.2d 327, 329 (1988).