No. 89-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

VIRGINIA WARD, d/b/a YOUR GOOD LOOKS,

Petitioner and Respondent,

v.

JANELLE JOHNSON and
THE BOARD OF LABOR APPEALS,

Respondents and Appellants.



FILED

APR 1 0 1990

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and for the County of Park,
                The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Eula Compton, Bozeman, Montana (Johnson)
            William E. O'Leary, Helena, Montana (Board of
            Labor Appeals)

        For Respondent:

            William F. Frazier; Swandal & Douglas, Livingston,
            Montana


                        Submitted on Briefs:  March 15, 1990

                                Decided:  April 10, 1990

Filed:

                        Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This case presents an appeal from a decision of the Sixth Judicial District, Park County, Montana, wherein the District Court reversed a Board of Labor Appeals' decision that affirmed appellant's award of unemployment benefits. We reverse the District Court and affirm the Board of Labor Appeals' decision.

The sole issue on appeal is whether the District Court erred in finding that the Board of Labor Appeals' decision was not based on substantial evidence.

On September 2, 1987, Virginia Ward, owner of Your Good Looks clothing store, fired Janelle Johnson, who had worked as a store clerk for nearly five years. On her application for unemployment benefits, Johnson alleged that Ward fired her when Ward learned that Johnson had sold her car to someone who had offered her more money than Ward or Ward's brother. Ward responded by alleging that she had fired Johnson because of employee misconduct and listed seven reasons justifying Johnson's termination. Briefly, the reasons given were:

1. Tardiness.

2. Untidiness.

3. Working crossword puzzles at work (this reason was apparently dropped at the hearing).

4. Taking cash out of the till.

5. Leaving the store unattended.

6. Personal phone calls made on the business phone.

7. Charging clothing after being told not to charge.

Initially, Johnson was denied unemployment benefits.

Johnson filed for a redetermination on October 23, 1987. In her redetermination statement she responded to Ward's stated reasons for terminating her. As to each of Ward's allegations, Johnson explained how her actions were justified, either through express permission by Ward or by circumstances requiring Johnson to leave the store unattended at times. Ward also filed a statement. On November 3, 1987, the Department of Labor reversed the denial of benefits and found that Johnson's alleged misconduct did not amount to an intentional breach of her obligation to her employer, Ward.

Ward appealed the redetermination and a hearings referee conducted a telephone hearing on November 30, 1987. After receiving testimony from Ward, Johnson and several witnesses, the hearings referee determined that Ward fired Johnson for reasons other than misconduct, as misconduct is defined in unemployment law. The referee found that Johnson's alleged misconduct was explained by agreements she had with Ward. Also since Johnson generally operated the store alone, she necessarily had to leave the store unattended for short periods of time to get proper change, or to get lunch. Further, the referee found that "[t]he timing of the discharge may have been influenced by the automobile transaction."

Ward appealed the referee's decision to the Board of Labor Appeals. After the Board reviewed the record and heard sworn testimony from Ward, it ruled that it found no substantial evidence

3

to warrant modification or reversal of the referee's decision. Further, the Board adopted the Findings of Fact and Decision of the appeals referee. Thereafter, Ward appealed the Board of Labor Appeals decision to the District Court which reversed and vacated the Board's decision. Essentially Ward had challenged the appeals referee's findings and decision. This appeal followed.

In its opinion the District Court acknowledged that the findings of the Board (or appeals referee) are conclusive if supported by substantial evidence. However, the District Court found the referee's findings to be unsupported by substantial evidence and entered its own findings which were contrary to or inconsistent with the referee's findings. Appellant argues that substantial evidence supported the Board and referee's decision and that the District Court erred in concluding otherwise. We agree.

Montana law limits the scope of judicial review of a Board of Labor Appeals' decision. Section 39-51-2410(5), MCA, provides in pertinent part:

> In any judicial proceeding under § 39-51-2406 through 39-51-2410, the findings of the board as to facts, if supported by evidence and in absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

Further, in reference to § 39-51-2410(5), MCA, this Court has held that

> "[s]upported by the evidence" means supported by substantial evidence, which is "something more than a scintilla of evidence, but may be less than a preponderance of evidence." (Citations omitted.)

4

Johnson v. Montana Dept. of Labor & Industry (Mont. 1989), 783 P.2d 1355, 1357, 46 St.Rep. 2131, 2133.

As well, this Court has stated the following regarding application of § 39-51-2410(5), MCA:

> The court is not permitted to balance conflicting evidence in support of and in opposition to the Commission's findings of fact, nor to determine which is the more substantial evidence, nor to consider where the preponderance of evidence lies; for to do so would be to substitute the Court's view of the evidence for that of the Commission, and effectively nullify the conclusive character of the Commission's findings of fact as provided by statute.

Connolly v. Montana Bd. of Labor Appeals (1987), 226 Mont. 201, 205, 734 P.2d 1211, 1214, quoting Noone v. Reeder (1968), 151 Mont. 248, 252, 411 P.2d 309, 312. Thus, the reviewing court must decide whether substantial evidence supports the Board's decision and not whether on the same evidence it would have arrived at the same conclusion.

We have reviewed the record and find that while the conflicting evidence is susceptible of more than one interpretation, substantial evidence exists to support the referee's findings and decision. The record contains Johnson's explanations of her alleged misconduct. Further, Ward testified that although she had warned Johnson, she had never informed Johnson that she would be terminated if the alleged misconduct continued. Ward also testified that Johnson's poor performance had been occurring for a year and one half prior to her termination. Additionally, the record establishes that Ward and her brother had

5

been negotiating with Johnson to purchase Johnson's car and that Ward fired Johnson the same day she learned Johnson had sold the car to another.

Much of the Johnson's testimony conflicted with Ward's testimony. But, nothing in the record suggests that Johnson's testimony was inherently incredible. In short, Johnson's version of the termination is supported in the record and the District Court erred in holding otherwise.

Respondent also argues that the appeals referee allowed into the record inadmissible evidence, mostly hearsay. Section 39-51-2407, MCA, provides in pertinent part:

> [t]he conduct of hearings and appeals shall be in accordance with regulations prescribed by the department or the board for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules or procedure.

Respondent cites us no department regulations in support of her contention which we therefore reject.

We reverse the District Court and reinstate the Board of Labor Appeals' decision.

John Conway Harrison  
Justice

We concur:

J. A. Turnage  
Chief Justice

John C. Sheehy

6

_Diane G. Barry_

_William E. Hunter_

_R. C. McGlincy_

_____

Justices