NO. 94-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MARY K. BEAN,

      Petitioner and Appellant,

   -vs-

STATE OF MONTANA BOARD OF LABOR
APPEALS; MONTANA DEPARTMENT OF LABOR
AND INDUSTRY; and COMMUNITY NURSING,
INC., d/b/a VILLAGE HEALTH CARE CENTER,

      Respondents and Respondents.

APPEAL FROM:  District Court of the Fourth Judicial District,
             In and for the County of Missoula,
             The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Donald V. Snavely (argued); Snavely Law Offices
         Missoula, Montana

      For Respondents:

         Maureen H. Lennon (argued) and Candace C. Fetscher;
         Garlington, Lohn & Robinson, Missoula, Montana

         Melanie Symons (argued), Department of Labor and
         Industry, Helena, Montana

      For Amicus:

         Cary B. Lund, Special Ass't Attorney General,
         Department of Social & Rehabilitation Services
         Helena, Montana

# FILED

MAR 15 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted: November 29, 1994

Decided: March 15, 1995

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Mary Bean (Bean) appeals from an opinion and order of the Fourth Judicial District Court, Missoula County, denying her petition for judicial review of a decision of the Board of Labor Appeals (BOLA) finding that her employer discharged her for misconduct and that she was not entitled to unemployment benefits. We reverse and remand.

We restate the issues presented on appeal as follows:

1. Did the Department of Labor and Industry's telephonic hearings procedure deprive Bean of her constitutional right to due process of law by denying her the ability to confront and cross-examine witnesses?

2. Did the appeals referee improperly exclude evidence offered by Bean to controvert her employer's allegations of misconduct?

3. Is the BOLA's decision that Bean engaged in misconduct supported by substantial evidence?

4. Did the BOLA violate applicable procedural requirements in making its findings and decision?

Because our resolution of issue four requires a remand to the BOLA for redetermination, we do not address the other issues presented.

Bean's employment as a licensed practical nurse with Community Nursing, Inc., doing business as Village Health Care Center (Village Health), ended with her discharge on March 22, 1993, allegedly for failure to improve her conduct and inappropriate criticism of Village Health's operation. After her discharge, Bean filed for unemployment insurance benefits with the Montana

2

Department of Labor and Industry (Department). A Department deputy twice denied Bean's claim on the basis that she was discharged for misconduct and, as a result, was ineligible to receive benefits. Bean appealed the decision to an appeals referee (referee).

A telephonic hearing was held on June 29, 1993; the parties were at separate locations in Missoula and the referee was in Helena. The referee subsequently issued written findings of fact and a decision concluding that Bean was discharged for misconduct and, thus, ineligible for unemployment benefits. Bean appealed to the BOLA. The BOLA, following a fifteen minute telephonic argument presented by Bean's counsel, issued a one-paragraph decision adopting the referee's findings of fact and decision.

Bean petitioned the District Court for judicial review of the BOLA's decision. The District Court denied her petition and affirmed the BOLA's decision denying unemployment benefits. Bean appeals.

Did the BOLA violate applicable procedural requirements in making its findings and decision?

A person dissatisfied with a referee's decision may appeal to the BOLA, which makes determinations related to unemployment insurance benefits claims pursuant to the procedures contained in Title 39, chapter 51, MCA. See § 39-51-2404, MCA; City of Billings v. State Bd. of Labor App. (1983), 204 Mont. 38, 43, 663 P.2d 1167, 1171. Duly adopted administrative rules govern the BOLA's determinations in such cases. See §§ 24.7.301 through 24.7.315, ARM. On appeal to this Court, Bean contends that the District

Court erred in determining that the BOLA did not violate applicable procedural rules.

A. Did the BOLA err in not conducting a de novo hearing on Bean's appeal?

Bean argues first that the BOLA is required to conduct a de novo evidentiary hearing on an appeal from a referee. Neither the applicable administrative rule nor this Court's decisional law supports her position.

Pursuant to § 24.7.314(2), ARM, the BOLA is authorized to "affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case . . ." The rule clarifies that the BOLA's decision ordinarily will be based on the evidence presented to the referee. Moreover, while we stated in City of Billings, 663 P.2d at 1171, that the BOLA "may consider not only the record made before the appeals referee, but new evidence produced at the board hearing," that statement does not require the BOLA to allow the presentation of new evidence, much less require it to conduct a de novo evidentiary hearing. e conclude that the BOLA did not err in not conducting a de novo hearing on Bean's appeal from the referee's decision.

B. Did the BOLA violate § 24.7.306(1), ARM, by not considering a transcript or recording of the proceedings before the referee?

Bean's second assertion of error regarding the BOLA's procedures is that § 24.7.306(1), ARM, requires the BOLA to consider a transcript or recording of the hearing before the referee in making its decision on her unemployment insurance benefits appeal. On this basis, she contends that the District

4

Court erred in concluding that the BOLA was not required to review the evidence before the referee.

Section 24.7.306(1), ARM, requires that the BOLA "shall include in the record and consider as evidence all records of the department that are material to the issues." We generally apply the same principles in construing administrative rules as are applicable in interpreting statutes. Matter of Peila (1991), 249 Mont. 272, 278, 815 P.2d 139, 143. It is axiomatic that the proper interpretation of statutes is first to be determined according to the language therein. Norfolk Holdings v. Mont. Dep't of Revenue (1991), 249 Mont. 40, 43, 813 P.2d 460, 461. Thus, we look first to the plain language of § 24.7.306(1), ARM, in resolving this issue.

Section 24.7.306(1), ARM, begins by using the word "shall," which is understood to be compelling or mandatory in nature. See Gaustad v. City of Columbus (1994), 265 Mont. 379, 381-82, 877 P.2d 470, 471. Therefore, in considering an appeal from a referee's decision, the BOLA must consider all Department records which are material to the issues before it.

Moreover, it cannot be seriously disputed that a transcript or recording of Bean's hearing before the referee is a record of the Department. Section 39-51-2408, MCA, requires the Department to maintain a "full and complete record . . . of all proceedings in a contested case[;]" included in that mandate is a requirement that "[a]ll testimony at any hearing upon a disputed claim shall be recorded . . ." Given these statutory requirements, a transcript or recording of the hearing before the referee is a Department

5

record which, pursuant to the administrative rule, the BOLA must consider if "material" to the issues before it.

"Material" records--whether from a common sense or legal perspective--are those records which are relevant to, and necessary for, the determination of issues presented to the BOLA. The issues Bean presented to the BOLA related to her general assertion that the BOLA should reject the referee's findings as erroneous. She argued that the referee incorrectly interpreted the evidence of record, inappropriately considered hearsay evidence, and rejected relevant evidence she sought to introduce regarding Village Health's alleged retaliatory discharge. It is clear that proper resolution of each of these issues required the BOLA to review the evidence previously submitted. Therefore, a recording or transcript of the testimony introduced before the referee was material.

As a quasi-judicial board, the BOLA is directed to evaluate and pass on facts. Section 2-15-102(9), MCA. In this case, the referee relied on the testimony of Village Health's witnesses for its findings regarding the reason for Bean's termination; some of this testimony was the very evidence Bean argued was inadmissible hearsay. The referee did not specifically mention the evidence it excluded as irrelevant and which Bean argued was erroneously excluded by the referee. The BOLA could not properly determine these issues without a review of the entire record, including a transcript or recording of the hearing.

The BOLA argues that, as an administrative board vested with quasi-judicial powers for purposes of § 24.7.306(1), ARM, it is

6

entitled to determine what is "material." Relying on this Court's statement in City of Billings that the BOLA "may consider not only the record made before the appeals referee, but new evidence produced at the board hearing," 663 P.2d at 1171, the BOLA suggests that a review of the record is within its discretion. This argument is not persuasive.

Insofar as is relevant here, City of Billings addressed whether the Montana Administrative Procedure Act applied to the BOLA and limited its power in reviewing unemployment insurance cases appealed from a referee. We rejected those limitations, noting that the BOLA is a quasi-judicial board performing an adjudicatory function "involving the exercise of judgment and discretion in making determinations in controversies." City of Billings, 663 P.2d at 1171. In that regard, we stated that the BOLA was authorized to consider new evidence presented to it, in addition to the evidence presented to the referee. Our use of the word "may" in addressing the BOLA's authority did not relate to any discretion involving whether to consider the evidence from the referee's hearing; it related only to the BOLA's authority to consider new evidence. See City of Billings, 663 P.2d at 1171.

We conclude that a recording or transcript of the hearing before the referee was a Department record material to issues raised by Bean under § 24.7.306(1), ARM. Accordingly, the BOLA was required to consider that material record.

Here, it is clear that the BOLA did not consider or review the material record. While the BOLA decision recites that it "reviewed the entire record." the BOLA's counsel controverted that

7

recitation in the District Court: "If there's a question about the facts, [the BOLA members] are certainly free to ask for a transcript or to listen to the tapes, and the Board does that on occasion. They did not do that in this case." On the basis of this record, we conclude that the BOLA violated § 24.7.306(1), ARM, by failing to review a transcript or recording of the proceedings before the referee in making its decision in Bean's case. As a result, we hold that the District Court erred as a matter of law in concluding that the BOLA was not required to review the evidence before the referee.

> C. Did the BOLA violate § 24.7.306(1), ARM, by adopting the referee's findings of fact without considering the transcript or recording of the hearing before the referee?

Bean's final argument is that the BOLA violated § 24.7.306(1), ARM, by adopting the referee's findings rather than making independent findings of fact and stating reasons for its decision. The third sentence of § 24.7.306(1), ARM, provides that "[a]s soon as possible after the hearing, the board shall render a written decision which shall state the findings of facts and the reasons for the decisions." Here, the BOLA issued a one paragraph decision stating that, after reviewing the record and hearing the argument presented by Bean's counsel, it failed to find any evidence to warrant modification of the referee's decision; the BOLA then adopted the referee's findings of fact and decision as its own.

As was the case in our discussion of whether the BOLA was required to review a transcript or recording of the hearing before the referee, use of the word "shall" with regard to the BOLA's duty

8

to state findings of fact renders that duty mandatory.  See Gaustad, 877 P.2d at 471.  The BOLA's adoption of the referee's findings as its own apparently is a routine practice.  See, e.g., Ward v. Johnson (1990), 242 Mont. 225, 227, 790 P.2d 483, 484.

By its terms, § 24.7.306(1), ARM, neither authorizes nor precludes such wholesale adoption of a referee's findings.  While the duty to state findings is clear, the manner in which the findings are to be stated is not specified.  Given our policy of interpreting administrative rules using the same principles under which we construe statutes (see Matter of Peila, 815 P.2d at 143), we will not insert into § 24.7.306(1), ARM, either a requirement or a prohibition not contained therein with regard to the manner in which the BOLA must state its findings of fact.  See § 1-2-101, MCA.

At the same time, however, the BOLA's role in the determination of disputed unemployment insurance benefits claims is that of a quasi-judicial board directed to exercise its judgment in evaluating and passing on facts.  Section 2-15-102(9), MCA.  The BOLA's--not the referee's--factual determinations are those which are conclusive on reviewing courts if supported by evidence and in the absence of fraud.  Section 39-51-2410(5), MCA; Connolly v. Mont. Bd. of Lab. Appeals (1987), 226 Mont. 201, 205, 734 P.2d 1211, 1214.

Here, as stated above, much of the controversy centered around whether the BOLA should accept the referee's findings based on the evidence of record.  Given the BOLA's failure to consider the entirety of the record before it, we cannot conclude that its

9

wholesale adoption of the referee's findings and decision reflected the exercise of its independent judgment in determining the facts. We conclude, therefore, that the BOLA's adoption of the referee's findings and decision in this case violated § 24.7.306(1), ARM.

Reversed and remanded to the District Court for entry of an order remanding the case to the BOLA for reconsideration and redetermination of Bean's appeal. Any subsequent petition for judicial review and, as appropriate or necessary, appeal to this Court shall proceed under applicable statutes and rules.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Hon. Jeffrey M. Sherlock,
District Court Judge, sitting
for Justice John C. Harrison

Justice James C. Nelson dissents as follows:

I respectfully dissent. Remanding this case to the BOLA for review of a recording or transcript of a hearing that was deficient in the first instance and for reconsideration of the appeal referee's findings in light of such a record will not, in my view, solve the problem.

All of the evidence in this case was introduced at a hearing conducted via a telephone conference call with the appeals referee situated in Helena, with Bean and her witnesses situated in her counsel's office in Missoula and with the Employer and its witnesses situated in its business premises in Missoula. Moreover, the entirety of the critical evidence against Bean on the issue of her "willful misconduct" consisted of hearsay reports from persons who were not present at the hearing and who were not, therefore, subject to confrontation and cross-examination. Under such circumstances, any decision of the appeal referee and any decision of the BOLA based on that record and the referee's findings, was, is and will be inherently flawed from the outset.

From statements made during the oral argument of this case, it appears that the Department of Labor is unique among State agencies in routinely holding contested hearings via telephone. Moreover, it also appears that requesting an in-person hearing will not, necessarily, guarantee that result nor will it guarantee that the employer and its witnesses will be at the hearing, even if one is allowed. In Niles v. Carl Weissman & Sons, Inc. (1990) 241 Mont. 230, 786 P.2d 662, without deciding the issue, we expressed concern

11

that Department of Labor telephonic hearings may not afford the claimant the full right of cross-examination and may not comply with judicial standards of substantive and procedural due process, Niles, 786 P.2d at 666-67

More recently, in Bonamarte v. Bonamarte (1994), 263 Mont. 170, 866 P.2d 1132, we reversed the district court in a marital dissolution case because one party was allowed to testify by telephone over the objection of the other party. Bonamarte, 866 P.2d at 1137. While that case did not involve an administrative proceeding, nevertheless, we stated that,

> [r]equiring a witness to testify personally at trial serves a number of important policies and purposes. A witness' personal appearance in court:
>
> 1. assists the trier of fact in evaluating the witness' credibility by allowing his or her demeanor to be observed firsthand;
>
> 2. helps establish the identity of the witness;
>
> 3. impresses upon the witness, the seriousness of the occasion;
>
> 4. assures that the witness is not being coached or influenced during testimony;
>
> 5. assures that the witness is not referring to documents improperly; and
>
> 6. in cases where required, provides for the right of confrontation of witnesses.

Bonamarte, 866 P.2d at 1134.

I conclude that those reasons are no less valid, important and necessary to assure the integrity and fairness of contested proceedings before an administrative agency where, as here, the litigant's entitlement to state benefits hangs in the balance as a

12

direct consequence of the hearings process.

Moreover, and to make matters worse, here, the crucial evidence against Bean on the issue of willful misconduct was in the form of hearsay reports and testimony that would not have been admissible under the Rules of Evidence nor should even have been admissible under a fair reading of the Department's own administrative rule, which allows consideration of evidence upon "which responsible persons are accustomed to rely in the conduct of serious affairs." Rule 24.7.312(1), ARM. Since this Court does not reach this issue, little will be gained here in detailing the offending "evidence" or by engaging in an extended discussion of the law regarding the use of hearsay in administrative proceedings. Presumably that issue remains open for future resolution. Suffice it to say that the record here does not contain sufficient admissible, non-hearsay evidence upon which the appeal referee could base a finding of willful misconduct.

That a claimant of unemployment compensation benefits is entitled to substantive and procedural due process is not, in my view, open to dispute. See, Goldberg v. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; and California Department of Human Resources Development v. Java (1971), 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666. I am at a loss to understand how a claimant has been afforded even minimal due process where she has been denied her right of confrontation and cross-examination by being required to litigate her case over a telephone, without crucial adverse witnesses being required to testify and where the

13

factfinder's ultimate decision is based on rank, inadmissible hearsay.

If you put a teaspoon of sludge in a barrel of wine, you get sludge. If you put a teaspoon of wine in a barrel of sludge, you get sludge. Putting this case back in the barrel will not change, much less improve, the contents. I dissent.

_____
Justice

Justices Terry N. Trieweiler and William E. Hunt, Sr., join in the foregoing dissent.

_____

_____
Justices

14