No. 05-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 317

MATTER OF THE WAGE CLAIM OF
MARILYN RAMSEY,

        Plaintiff, Respondent and Cross-Appellant,

   v.

YELLOWSTONE NEUROSURGICAL
ASSOCIATES, P.C.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and for the County of Yellowstone, Cause No. DV-02-0427,
                    The Honorable Ingrid Gustafson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Robert L. Sterup, Holland & Hart LLP, Billings, Montana

        For Respondent:

                James Healow, Attorney at Law, Billings, Montana

                        Submitted on Briefs:  November 2, 2005

                                Decided:  December 13, 2005

Filed:

                                _____
                                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Yellowstone Neurosurgical Associates (YNA) appeals from a decision of the Thirteenth Judicial District, Yellowstone County, in an action by Marilyn Ramsey (Ramsey) for contract damages. Ramsey cross-appeals from the District Court's decision to affirm the Department of Labor's (DOL) determination that she had an independent contractor relationship with YNA rather than being a YNA employee. We affirm on all issues.

¶2 We review the following issues on appeal:

¶3 1. Whether the District Court properly determined that YNA agreed to pay Ramsay 20% of the amount billed to the patient for each surgery that she assisted YNA physicians.

¶4 2. Whether the District Court properly awarded Ramsay prejudgment interest.

¶5 3. Whether the District Court properly determined that Ramsey had an independent contractor relationship with YNA rather than being a YNA employee.

¶6 4. Whether the District Court properly awarded YNA attorney's fees for the independent contractor/employee issue.

**PROCEDURAL AND FACTUAL BACKGROUND**

¶7 Ramsay is a licensed surgical assistant. YNA is a medical service corporation comprised of neurosurgeons. Ramsay provided her services as first surgical assistant to YNA physicians from 1993 to 2000. Ramsay also worked as a surgical assistant with non-YNA physicians during that same period. Ramsay initially provided services to YNA pursuant to an oral agreement. It was not until December 1, 1999, that she and YNA entered into a written contract. Ramsay and YNA parted ways shortly thereafter in early 2000. Ramsay alleges that YNA failed to pay her for assisting with dozens of surgeries from 1998

2

to 1999.

¶8 Ramsay filed a claim with the DOL for unpaid wages in April 2000. The Independent Contractor Central Unit dismissed Ramsay's wage claim for lack of jurisdiction after determining that she had an independent contractor relationship with YNA and was not a YNA employee. Ramsay filed a contested case appeal with the DOL and a Hearing Officer adjudicated her wage claim. The Hearing Officer also concluded that Ramsay had an independent contractor relationship with YNA and dismissed her claim in April 2002.

¶9 Ramsay then filed a complaint against YNA for breach of contract along with a petition for judicial review of the administrative decision on May 16, 2002. The District Court upheld the administrative decision in an order by Judge Barz on November 8, 2002, but allowed Ramsay's claim for breach of contract to proceed. Judge Barz denied Ramsay's motion to reconsider.

¶10 Judge Gustafson presided over Ramsay's action against YNA for breach of contract. Ramsay claimed that YNA owed her 20% of the amount billed to the patient pursuant to their oral agreement for the surgeries for which she had not been paid. YNA contended that the terms of the oral agreement entitled Ramsay only to a percentage of the amount actually collected from the patient or the insurer for each surgery. YNA collected less than the amount billed for the majority of the surgeries.

¶11 The District Court agreed with Ramsay that YNA promised to pay her 20% of the amount billed and awarded $64,488.00 for contract damages, and also awarded Ramsay prejudgment interest of $30,237.00. Judge Gustafson also awarded $5,579.00 for six cases not included in YNA's billing records. The District Court did not award prejudgment

interest for the cases not included in YNA's billing records. Judge Gustafson further ordered Ramsay to pay YNA reasonable attorney's fees in the amount of $8,071.75 for the cost of defending her unsuccessful wage claim in district court. YNA appeals from the award of contract damages and prejudgment interest. Ramsay cross-appeals from the decisions of the District Court affirming her status as an independent contractor and awarding attorney's fees to YNA on the wage claim.

## DISCUSSION

¶12 **1. Whether the District Court properly determined that YNA agreed to pay Ramsay 20% of the amount billed to the patient for each surgery that she assisted YNA physicians.**

¶13 YNA contends that the District Court improperly found that they had agreed to pay Ramsay 20% of the amount billed. Findings of fact shall not be set aside unless they are clearly erroneous. *Kane v. Morgan*, 2001 MT 182, ¶ 5, 306 Mont. 207, ¶ 5, 32 P.3d 747, ¶ 5. We use a three part test when determining whether a district court's findings are clearly erroneous: 1) whether the findings are supported by substantial evidence in the record; 2) whether the trial court has misapprehended the effect of evidence; and 3) if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still determine that the trial court's findings are clearly erroneous when, although evidence supports it, a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. *Kane*, ¶ 5.

¶14 YNA admits they owe Ramsay for the surgeries, but maintains that the District Court's finding concerning the amount of damages cannot be supported by substantial

4

evidence. YNA highlights evidence that indicates they only agreed to pay Ramsay 20% of the amount collected, however, YNA fails to undermine the countervailing evidence that Ramsay put forth that supports the finding of the trial court. She presented substantial evidence that YNA agreed to pay her 20% of the amount billed and the District Court found this evidence to be more compelling than that put forth by YNA. The trial court stands in the best position to weigh the evidence and assess the credibility of witnesses. *Albert v. Hastetter*, 2002 MT 123, ¶ 51, 310 Mont. 82, ¶ 51, 48 P.3d 749, ¶ 51.

¶15    In this regard, Ramsay testified that the surgical assistant fee represents a percentage of what the surgeon charges the patient to perform the surgery. Ramsay also presented evidence that justified a higher fee in this case. She testified that neurosurgery requires a greater degree of skill than other types of surgery. She testified regarding the opportunity cost of blocking time to work with YNA surgeons. And she testified about the need of being on-call 24 hours a day to serve YNA surgeons and the limitations that this requirement imposed on her ability to accept work from non-YNA surgeons. Additionally, Ramsay presented evidence that YNA has paid her 20% of the amount billed for assisting with surgeries in some cases.

¶16    Furthermore, Ramsay contracted with YNA for payment of services. She had no relationship with the patients or insurance companies. YNA assumed responsibility for checking with the patient or insurers before each procedure to verify that they would pay Ramsay's fee as a first surgical assistant. Ramsay bore no responsibility for collecting payment. Therefore, we agree with Ramsay that substantial evidence supports the findings of the District Court and it did not misapprehend the evidence or make a mistake.

¶17 **2. Whether the District Court properly awarded Ramsay prejudgment interest.**

¶18 YNA also contends that the District Court improperly awarded Ramsay prejudgment interest under § 27-1-211, MCA. Statutory construction presents a question of law that we review to determine if the court's interpretation of the law is correct. *Tipp v. Skjelset*, 1998 MT 263, ¶ 11, 291 Mont. 288, ¶ 11, 967 P.2d 787, ¶ 11.

¶19 Section 27-1-211, MCA, entitles a person to prejudgment interest when they possess a right to recover damages that vests upon a particular day. A party must satisfy three criteria in order for a court to award prejudgment interest pursuant to the statute: (1) the existence of an underlying monetary obligation; (2) the amount of recovery is certain or capable of being made certain by calculation; and (3) the right to recover the obligation vests on a particular day. *Tipp*, ¶ 13.

¶20 YNA contends that the District Court improperly awarded prejudgment interest under § 27-1-211, MCA, as the amount of Ramsay's recovery was not certain or capable of being made certain by calculation. YNA points out that the District Court awarded a different amount of damages than Ramsay claimed in her administrative action and initial court filings. The reason for the difference, however, stems largely from the fact that only YNA possessed the billing information necessary to calculate damages accurately. It appears that YNA did not provide Ramsay with all of its billing documentation until just before trial during discovery.

¶21 We agree with the District Court that Ramsay's damages were capable of being made certain. Ramsay consistently has maintained that YNA owed her 20% of the amount billed to the patient, the exact percentage that Judge Gustafson awarded. The District Court found

that Ramsay and YNA had an oral agreement to pay Ramsay 20% of billed amounts. YNA knew the billed amounts and the amount owed to Ramsay on the day that it billed its patients. Ramsay did not know the amount billed to each patient until YNA provided that information at trial. Ramsay likely would have claimed the same damages in her initial filings with the District Court and administrative action had she possessed the billing documents at that time. Any uncertainty over the amount of damages owed to Ramsay likely resulted from the fact that YNA did not disclose fully its billing information, rather than any uncertainty by Ramsay over the terms of her contract. YNA cannot avoid prejudgment interest on an amount certain simply by withholding the information necessary to calculate this amount accurately.

¶22 **3. Whether the District Court properly determined that Ramsey had an independent contractor relationship with YNA rather than being a YNA employee.**

¶23 Ramsay cross-appeals from the District Court's decision to affirm the DOL's determination that she had an independent contractor relationship with YNA. Ramsay contends that the District Court improperly upheld the DOL in light of this Court's opinion in *Wild v. Fregein*, 2003 MT 115, 315 Mont. 425, 68 P.3d 855. In *Wild,* we held that the existence of a certificate of independent contractor exemption issued pursuant to § 39-71-401(3), MCA (1999), does not preclude an inquiry into the employee/employer relationship. *Wild*, ¶ 29. Ramsay contends that the DOL's determination of her status as an independent contractor hinged on the existence of the IC certificate.

¶24 *Wild* is distinguishable from this case, however, because the DOL actually conducted an analysis into Ramsay's status. The worker in *Wild* had been granted an independent

7

contractor exemption under § 39-71-401(3), MCA (1999), before being hired by the employer. *Wild*, ¶¶ 7-8. The employer did not even consider, however, whether the worker actually was an employee. *Wild*, ¶ 24. In contrast, the District Court determined that Ramsay met both prongs of the "AB" test of § 39-71-120, MCA (1999). For example, YNA paid Ramsay on a lump sum basis, she provided her services to other physicians, and Ramsay had the freedom to decline work that YNA offered.

¶25 We will not disturb the findings of an agency unless they are clearly erroneous. Section 2-4-704, MCA. This Court must decide whether substantial evidence supports the agency's decision and not whether on the same evidence it would have arrived at the same conclusion. *Ward v. Johnson* (1990), 242 Mont. 225, 228, 790 P.2d 483, 485. Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Wunderlich v. Lumbermens Mut. Cas. Co.* (1995), 270 Mont. 404, 408, 892 P.2d 563, 566. We conclude that YNA presented substantial evidence that Ramsay served as an independent contractor.

¶26 Ramsay also contends that *Wild* imposes an "almost insurmountable burden of proof" on the employer to prove an independent contractor relationship. This alleged new standard requires both parts of the "AB" test to be satisfied by a "convincing accumulation of undisputed evidence." This Court has used the "convincing accumulation" language, however, before *Wild*. *See Solheim v Tom David Ranch* (1984), 208 Mont. 265, 272, 677 P.2d 1034, 1037. *Wild* did not announce a new standard for evaluating whether a person worked as an employee or an independent contractor. It merely held that the existence of the IC exemption does not preclude further analysis of a worker's actual status. *Wild*, ¶ 29.

8

*Wild* simply reiterated the standard used in earlier cases concerning the burden of proof relating to the "AB" test. *Wild*, ¶¶ 33-37. Therefore, an employer must meet the same standard of proof that existed before the *Wild* decision. YNA met that standard here.

¶27 **4. Whether the District Court properly awarded YNA attorney's fees for the independent contractor/employee issue.**

¶28 When an employee brings an action for collection of wages, the resulting judgment must include reasonable attorney's fees in favor of the prevailing party. Section 39-3-214, MCA. YNA may recover reasonable attorney's fees and costs as the prevailing party in Ramsay's action for wages as an employee. The District Court awarded attorney's fees and costs in the amount of $8,071.75 to YNA. We will not disturb a district court's determination of reasonable attorney's fees absent an abuse of the court's discretion. *Chamberlin v. Puckett Const.* (1996), 277 Mont. 198, 206, 921 P.2d 1237, 1242.

¶29 Ramsay contends that YNA needed to introduce expert testimony in order to support the reasonableness of its claimed attorney's fees. We disagree. The determination of reasonable attorney's fees is not subject to precise calculation or a formulaic approach. *Chamberlin*, 277 Mont. at 205, 921 P.2d at 1241. Several factors should be considered as guidelines when making such a determination. *See Pankratz v. Teske*, 2002 MT 112, ¶ 22, 309 Mont. 499, ¶ 22, 48 P.3d 30, ¶ 22. Although courts have used expert testimony to support the reasonableness of attorney's fees in some instances, we find no authority to support a contention that a party must present expert witness testimony in all circumstances. The District Court properly based its decision on the amount at stake and the quality of legal services rendered among other factors. YNA did not have to present expert testimony to

9

support the reasonableness of attorney's fees.

¶30  Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE