FILED

**NOT FOR PUBLICATION**

DEC 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ARLENE JOSEPH, | No. 12-36084 |
| Plaintiff - Appellee, | D.C. No. 9:11-cv-00114-JCL |
| v. | |
| LINEHAUL LOGISTICS, INC., | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| ARLENE JOSEPH, | No. 13-35011 |
| Plaintiff - Appellant, | D.C. No. 9:11-cv-00114-JCL |
| v. | |
| LINEHAUL LOGISTICS, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted December 5, 2013[**]
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MURPHY, District Judge.[***]

Arlene Joseph sued LineHaul Logistics for wrongful discharge and unpaid overtime. A jury found for Joseph as to wrongful discharge and for LineHaul as to overtime. Post-trial motions were filed and denied, judgment was entered, and both parties appealed. LineHaul argues that the district court should have granted its (1) motion for spoliation sanctions and (2) motion for attorneys' fees. Joseph argues that the district court should have granted her (3) motion for attorneys' fees and (4) Rule 50(b) motion. We affirm across the board.

**(1)    LineHaul's motion for spoliation sanctions.**

We affirm the denial of LineHaul's motion for attorneys' fees as a spoliation sanction against Joseph because LineHaul failed to prove bad faith. *See Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011) (noting that we may affirm "on any ground supported by the record"). Bad faith must be found before a federal court can award attorneys' fees as a sanction under

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

its inherent authority. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Here, LineHaul cannot prove bad faith, so even if it could prove spoliation, it still would not be entitled to what it seeks.

LineHaul's only purported evidence of bad faith is this snippet of Joseph's deposition:

**Q:    Why did you delete [the emails]?**
A:    Basically because they were not viable emails.

**Q:    I don't know what viable emails means.**
A:    They were probably redundant. I didn't – I didn't – I mean, I don't know what emails or how many I would have deleted. Things were not good. I testified before I had no idea what was going on there. I didn't think it was kosher or appropriate or right.

**Q:    Is that why you deleted those emails?**
A:    Perhaps, but I don't know the emails that were deleted.

LineHaul reads this as if Joseph said, "I deleted emails because things were not good," and then construes that as an admission of bad faith.

Not so. "Perhaps" doesn't mean "yes," it means "perhaps." And Joseph was almost certainly saying "perhaps I deleted emails because they were redundant" and not "perhaps I deleted emails because things were not good." Even assuming Joseph meant, "Yes, I deleted emails because things were not good," we still do not know what she meant by "things," or what she meant by "not good." Bad faith

3

"sets a high threshold." *Primus*, 115 F.3d at 649. Vague deposition testimony like this falls short.

### (2)  LineHaul's motion for attorneys' fees.

LineHaul moved for attorneys' fees under Montana's overtime statute. The statute offers fees only to the "successful party." Mont. Code Ann. § 39-3-214(1). We affirm the denial of LineHaul's motion because LineHaul was not the "successful party." *See Campbell*, 671 F.3d at 842 n.4.

No single factor controls whether a party succeeded.[1] *E.g.*, *E.C.A. Env. Mgmt. Servs., Inc. v. Toenyes*, 679 P.2d 213, 217-18 (Mont. 1984). "The party that survives an action . . . with the net judgment should generally be considered the successful or prevailing party." *Id*. But when each party wins some claims and loses others, there may be no successful party. *E.g.*, *Parcel v. Myers*, 697 P.2d 89, 92 (Mont. 1984). Here, LineHaul defeated the overtime claims, but Joseph prevailed on LineHaul's counterclaims and her wrongful discharge claim, walking

---

[1] Under Montana law, "successful" and "prevailing" appear interchangeable. *See, e.g.*, *Talon Plumbing & Heating, Inc. v. State Dep't of Labor & Indus.*, 198 P.3d 213, 218 (Mont. 2008) (citing Mont. Code Ann. § 39-3-214) ("The district Court correctly determined that Talon had ***not prevailed***, and thus, would not be entitled to an award of attorney fees.") (emphasis added); *Delaware v. K-Decorators, Inc.*, 973 P.2d 818, 832 (Mont. 1998) ("An offer of judgment in an amount greater than the jury's verdict is a factor that a court should consider when determining which party is the successful or prevailing party . . . .").

away with almost $70,000.  Accordingly, either Joseph was the successful party, because she came out ahead, or there was no successful party, because neither side won all the claims.

LineHaul's argument based on *Ramsey v. Yellowstone Neurosurgical Associates, P.C.*, 125 P.3d 1091 (Mont. 2005), deserves mention.  In *Ramsey*, the Montana Supreme Court affirmed the award of attorneys' fees under § 39-3-214(1) to a litigant in LineHaul's position.  *Id.* at 1095.  Yellowstone, like LineHaul, defeated the plaintiffs' overtime claims, but was tagged with a substantial judgment on another claim.  *Id.* at 1093.  LineHaul argues that since *Yellowstone* affirmed an award of fees, we should reverse the denial of its fees.  But the plaintiff in *Yellowstone* didn't contest whether the trial court's judgment entitled Yellowstone to prevailing-party status.  *Id.* at 1094-95; Br. of Ptf., No. 05-027, *Ramsay[2] v. Yellowstone Neurosurgical Assocs.*, 2005 WL 1992070, *27.  So LineHaul is asking us to rely on *Yellowstone* for a point it did not decide.  We decline to do so.

---

[2]  Ramsay refers to herself as Ramsay in her brief.  The Montana Supreme Court refers to her in its opinion as both Ramsay and Ramsey.

**(3)    Joseph's motion for attorneys' fees.**

The jury verdict left Joseph without a clear right to attorneys' fees.  She moved for attorneys' fees as if she had pled and proven an FLSA retaliation claim, which offers fees under 29 U.S.C. § 216(b).  She argued that the jury necessarily found all of the retaliation claim's elements when it found for her on the wrongful discharge claim.  The district court denied the motion because the elements of wrongful discharge don't necessarily overlap with the elements of FLSA retaliation.

The district court was absolutely right.  The jury was instructed that "[a] discharge is wrongful if it was in retaliation for the employee's reporting a violation of public policy *or* if the discharge was not for good cause . . . ."  The "or" is critical.  The jury could have found that LineHaul didn't fire Joseph for reporting anything but still found that she was wrongfully discharged because she was let go without good cause.  Since the jury didn't necessarily find that LineHaul fired Joseph for reporting something, it cannot have necessarily found that Joseph was fired for reporting overtime violations, as required by the FLSA.  *See Lambert v. Ackerley*, 180 F.3d 997, 1005 (9th Cir. 1999) (en banc) (listing elements of an FLSA retaliation claim).

6

**(4)     Joseph's Rule 50(b) motion.**

Post-trial, Joseph moved under Rule 50(b), arguing that the district court should have found as a matter of law that LineHaul failed to prove that Joseph was administratively exempt from being paid overtime. The court denied the motion as futile. The motion was futile, so we affirm.

Even if Joseph was administratively exempt as a matter of law, the jury's verdict would survive. The jury could have found against Joseph on her overtime claims (1) because she was administratively exempt, (2) because she never worked any overtime, or (3) because LineHaul didn't have the required notice that Joseph was working overtime. Joseph's motion was futile because it challenged only the first ground, leaving the other two grounds to sustain the verdict.

Joseph attempts to solve the futility problem on appeal by hinting that no reasonable jury could have found for LineHaul on the other two grounds. But she cannot challenge the other grounds now because she failed to do so below. *E.g.*, *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002) ("As an appellate court, we ordinarily do not review issues raised for the first time on appeal.").

AFFIRMED.

Each party to bear its own costs on appeal.