DA 25-0622

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 127N

AVANLEE CHRISTINE OKRAGLY,

        Petitioner and Appellee,

  v.

SEBASTIAN ALEXANDER KEITEL,

        Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 22-627
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Caitlin Pabst, Pabst Law Firm, Bozeman, Montana

      For Appellee:

          Joseph M. Raffiani, Raffiani Law Firm, P.C., Billings, Montana

Submitted on Briefs: May 6, 2026

Decided: June 9, 2026

Filed:

                         _____
                                  Clerk

FILED

06/09/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0622

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sebastian Keitel and Avanlee Okragly filed a stipulated final parenting plan for their minor child in the Thirteenth Judicial District Court. The parenting plan contained a provision granting attorney fees and costs to the prevailing party in the event of future litigation. Sebastian later sought to hold Avanlee in contempt for violating the plan's terms. The court denied Sebastian's motion and awarded Avanlee $14,880 for attorney fees and costs incurred in defending the motion. Sebastian claims that the District Court abused its discretion when it found that this amount was a reasonable attorney fee award. We affirm.

¶3 Sebastian and Avanlee are the unmarried parents of four-year-old A.M.O.K. In April 2024, after a lengthy and contentious dispute, the parties filed a final stipulated parenting plan for A.M.O.K. with the court. They agreed that A.M.O.K. would primarily reside with Avanlee; that Sebastian was entitled to parenting time on the first weekend of each month; that both parents had a right to access A.M.O.K.'s medical information, to attend his appointments, and to participate in his major life decisions; and that Avanlee would amend A.M.O.K.'s birth certificate to add "Keitel" to his last name. The parenting plan contained the following attorney fees provision:

2

Both parties will be responsible for their own attorney's fees incurred in connection with this Parenting Plan. In the event of future litigation between the parties to enforce, modify or interpret any provisions of this Parenting Plan, the prevailing party will be entitled to all of his or her court costs, including reasonable attorney's fees.

¶4 Approximately six months later, Sebastian moved to hold Avanlee in contempt for violating the parenting plan. Sebastian alleged that Avanlee (1) intentionally interfered with his parenting time in October 2024; (2) failed to notify him about A.M.O.K.'s medical appointments; (3) unilaterally withdrew A.M.O.K. from speech therapy and physical therapy; and (4) failed to amend A.M.O.K.'s birth certificate. At the contempt hearing, Avanlee testified that in October 2024, Sebastian came to her house to exercise his parenting time but that Sebastian refused to pick up A.M.O.K. at the front door. Sebastian requested that Avanlee bring A.M.O.K. to his car, but Avanlee became upset when she discovered that Sebastian's fiancée was in the car and took A.M.O.K. back inside. Law enforcement intervened in their dispute, and they did not exchange A.M.O.K. Avanlee testified that Sebastian had access to A.M.O.K.'s medical records via MyChart—an online healthcare information portal. She explained that A.M.O.K. continued to receive speech therapy through early child intervention services and that A.M.O.K.'s medical providers never referred him to physical therapy. Although Avanlee admitted that she had yet to amend A.M.O.K.'s birth certificate, she testified that she planned to do so after the hearing. Sebastian did not appear or present witness testimony.

¶5 The District Court denied Sebastian's motion. The court found that with respect to the parenting exchange, Avanlee "was ready, willing, and able" to provide A.M.O.K. to Sebastian if he had just come to the front door. The court found that Sebastian had access

3

to A.M.O.K.'s medical records, that Avanlee had not directed medical providers to withhold those records, and that there was no evidence that Avanlee was not following medical advice regarding A.M.O.K.'s speech and physical therapy. The court remarked, "With respect to the birth certificate, I think that [Avanlee] may have been able to do more, either on her own or through Counsel to get the name changed. But I don't find that that's a basis for contempt." The court ruled that pursuant to the plan, Avanlee could recover court costs and reasonable attorney fees incurred in defending the motion for contempt. Avanlee sought to recover $14,880 in fees and costs and filed an affidavit from her attorney—Joseph Raffiani—to substantiate her claim. Sebastian objected, arguing that the amount was unreasonable. The court held an evidentiary hearing, but Sebastian failed to appear. Raffiani was the only witness at the hearing. The court determined that $14,880 was a reasonable attorney fee award and ordered Sebastian to pay this amount to Avanlee.

¶6 The court's determination of which party is the prevailing party for purposes of awarding attorney fees is a question of law that we review for correctness. *In re Marriage of Damschen*, 2011 MT 297, ¶ 39, 363 Mont. 19, 265 P.3d 1245. We will not disturb the court's attorney fee award absent an abuse of discretion. *Gendron v. Mont. Univ. Sys.*, 2020 MT 82, ¶ 8, 399 Mont. 470, 461 P.3d 115. A court abuses its discretion when it "acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice." *Gendron*, ¶ 8 (citations omitted).

¶7 Absent statutory or contractual authority, each party must generally pay their own attorney fees regardless of the case's outcome. *Gendron*, ¶ 11. A stipulated parenting plan is a contract. *In re Estate of Hicks*, 2011 MT 76, ¶ 10, 360 Mont. 91, 252 P.3d 175. Courts

4

interpret and enforce such agreements under contract law. *In re Estate of Hicks*, ¶ 10. Courts are therefore bound by a parenting plan's attorney fees provision if the provision is clear and unambiguous. *See In re Marriage of Damschen*, ¶ 42. When authorized, the amount of attorney fees awarded must be reasonable. *Gendron*, ¶ 11 ("When attorney fees are authorized, the controlling standard in all actions . . . is that the amount of fees awarded be reasonable.").

¶8      Sebastian argues that the District Court erroneously ruled that Avanlee prevailed in defending his motion for contempt. In the alternative, he claims that the court abused its discretion because Avanlee's $14,880 award was excessive and unreasonable. Avanlee counters that Sebastian is barred from challenging the court's order denying his contempt motion and that the fee award is reasonable and supported by the record.

**Prevailing Party**

¶9      Sebastian makes several factual arguments on appeal challenging the substance of the court's contempt ruling. This Court generally does not review contempt orders on direct appeal except in family law proceedings "when the judgment or order appealed from includes an ancillary order that affects the substantial rights of the parties involved." Section 3-1-523, MCA; M. R. App. P. 6(3)(j). Sebastian failed to timely appeal the contempt order and properly argue and prove that the order was reviewable on direct appeal. *See* M. R. App. P. 4(5)(a)(i) (providing that in civil cases except when the government is a party, notice of appeal must be filed within "30 days from the date of entry of the judgment or order from which the appeal is taken"). The District Court's order denying Sebastian's motion for contempt is therefore beyond the scope of this appeal. We

5

do not address any of Sebastian's substantive arguments challenging the District Court's underlying contempt ruling. Because the District Court denied Sebastian's motion for contempt, Avanlee was the prevailing party and was entitled to reasonable attorney fees and costs.

**Reasonableness**

¶10 Courts analyze the reasonableness of attorney fees under the facts of each case. *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984. Courts must consider the following nonexhaustive factors to ascertain the reasonableness of fees:

> (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys.

*Plath*, ¶ 36 (citations omitted). The court's fee award must be based on competent evidence, *Ferdig Oil Co. v. ROC Gathering, LLP*, 2018 MT 307, ¶ 24, 393 Mont. 500, 432 P.3d 118, including "[e]vidence elicited through oral testimony, cross-examination, and the introduction of exhibits[,]" *James Talcott Constr., Inc. v. P&D Land Enters.*, 2006 MT 188, ¶ 64, 333 Mont. 107, 141 P.3d 1200 (citation omitted).

¶11 Avanlee filed Raffiani's affidavit and invoice swearing that he billed Avanlee 30.3 hours at $350 per hour for responding to the contempt motion, that his paralegal billed 28.5 hours at $150 per hour, and that Avanlee owed $14,880 in total. The District Court held an evidentiary hearing to determine the reasonableness of the fee award. Raffiani was the only witness called by either party. He testified that his affidavit was accurate and that

6

he and his paralegal reviewed all their communications and only invoiced those related to the contempt motion. Raffiani explained that although he represented Avanlee in other matters, he pro-rated expenses where possible to include just the portion related to defending Sebastian's contempt motion. Sebastian's attorney cross-examined Raffiani, but Sebastian did not appear at the hearing or present independent evidence.

¶12 The District Court considered the above evidence and made findings addressing the *Plath* factors. It explained that the time Raffiani and his paralegal spent responding to the motion was reasonable given the "number and scope of contempt allegations made by Sebastian," and that the case had been "hotly contested" and "required experienced and skillful legal representation," which the court found Raffiani had provided. The court thus found that "Raffiani's fees and costs [were] warranted by the labor, time, and trouble involved." The court considered that Sebastian's contempt allegations would have had serious implications for Avanlee if proven, and the time Raffiani spent defending those allegations was therefore justified. The court found that Raffiani had a strong reputation, that he was a skilled attorney, that his hourly rate was reasonable compared to local counsel of similar skill and experience, and that he successfully defended Sebastian's contempt motion. Considering these findings, the court determined that Avanlee reasonably incurred $14,880 in attorney fees and costs.

¶13 The record contains limited evidence regarding the reasonableness of the fee award. Our precedent establishes, however, that Raffiani's testimony constitutes competent evidence to support the court's award. *James Talcott Constr.*, *Inc.*, ¶ 64; *see also Ramsey v. Yellowstone Neurological Assocs., P.C.*, 2005 MT 317, ¶ 29, 329 Mont. 489, 125 P.3d

7

1091 (explaining that litigants are not required to present expert testimony to prove the reasonableness of attorney fees in all circumstances). Sebastian did not attend the hearing, call witnesses, or present exhibits to rebut Raffiani's testimony or otherwise demonstrate that his fees were unreasonable. The court's consideration was limited to Raffiani's testimony. The court expressly found Raffiani credible and remarked that he sufficiently addressed Sebastian's objections to his fees and costs at the hearing.

¶14    Sebastian raises several of the same unsupported objections on appeal that he made in the District Court, including that Raffiani's invoice included unnecessary, cumulative, and unauthenticated time entries. We do not second-guess the court's determination that Raffiani adequately addressed those objections at the hearing. *Vintage Constr., Inc. v. Feighner*, 2017 MT 109, ¶ 15, 387 Mont. 354, 394 P.3d 179 (explaining that a district court is "in the best position to judge the credibility of testimony and proffered evidence," and that this Court generally defers to its resolution of conflicting evidence). The court considered the evidence presented, credited Raffiani's testimony, made findings addressing the *Plath* factors, and then determined that Avanlee's attorney fees were reasonable. Considering the limited evidence in the record and his failure to offer conflicting evidence, Sebastian has not met his burden of proving that the court acted "arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice." *Gendron*, ¶ 8 (citations omitted). We therefore conclude that the District Court did not abuse its discretion when it awarded Avanlee the entirety of her attorney fees and costs.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court did not abuse its discretion when it determined that Avanlee reasonably incurred $14,880 in attorney fees and costs defending Sebastian's motion for contempt.  We affirm the District Court's order awarding Avanlee the entirety of her fees and costs.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ JIM RICE